WORKING *v.* STATE.

DORRIS *v.* SAME.

(*Nashville.* December Term, 1914.)

1. **COSTS. In criminal prosecutions. Liability in county. Appeal costs. Statute.**
Under Shannon's Code, sec. 7619, subsec. 2, and sec. 7621, regulating the taxing of costs in criminal cases to State or county, where defendants were convicted of misdemeanors, and *nolle prosequis* were entered after reversal on appeal, the costs of the transcripts on appeal and those accruing in the supreme court, applies only to trial costs, not costs on appeal. (*Post, p.* 187.)

Code cited and construed: Sec. 7619, subsec. 2 (S.).

2. **COSTS. In criminal prosecutions. Trial court costs. Jarvis ·law.**
Acts 1897, ch. 20, regulating the taxation of costs in criminal cases, applies only to trial costs, not costs on appeal. (*Post pp.* 188, 189.)

Acts cited and construed: Acts 1897, ch. 20; Acts 1901, ch. 75.

Code cited and construed: Sec. 7619, subsec. 2; sec. 7621 (S.).

Case cited and distinguished: Henly v. State, 98 Tenn., 665.

3. **COSTS. In criminal prosecutions. Motion to retax.**
Where transcripts on appeal from convictions for misdemeanors were not filed with the supreme court by clerk of the trial court until after the forty days prescribed as a limit by rule 7 of the court, such ground for objecting to the taxing of the costs of such transcripts to the county cannot be set up on motion by the county to retax them to the State, made in the appellate court after the case has been disposed of in the trial court and its term closed. (*Post, pp.* 189, 190.)

FROM SUMNER.

Appeal from the Circuit Court of Sumner County. — —— Cook, Judge.

Geo. W. Boddy, for Working and Dorris.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is a motion by Sumner county to retax the costs in the two cases mentioned. Working and Dorris were prosecuted in the circuit court of Sumner county for selling intoxicating liquors, without license, within four miles of a schoolhouse, in violation of the statute on that subject. They were convicted, and appealed to this court. Here the judgments were reversed, and a *nolle prosequi* recommended by the court, accepted by the State, and in due course entered. The costs of the transcripts, and the costs accrued in the supreme court, were taxed to the county. This is the matter now complained of.

The costs, if taxable at all, were properly taxed to the county, rather than the State; the defendants in these cases having been convicted of a misdemeanor, and likewise a *nolle prosequi* having been entered. Shan. Code, section 7619, subsec. 2, and section 7621.

The Jarvis Law (Acts 1897, ch. 20) applies only to costs accrued before justices of the peace, and in trial courts, and to matters incident to such trials, as the keeping and transfer of prisoners, etc. The reference to the supreme court is only in respect of the transcript made out in the trial court, for the purpose of making effectual the appeal or writ of error that may be sought in any criminal case. This item of costs belongs to the clerk of the trial court, and is not properly speaking costs accruing in the supreme court. The act does not purport to deal with costs of the latter character, and these are not within the evil sought to be reached by the Jarvis Law, inasmuch as they were not only fixed by statute, but were incapable of duplication or the vast accumulations referred to in *Henly* v. *State,* 98 Tenn., 665, 41 S. W., 352, 1104, 39 L. R. A., 126.

This question came before the court in April, 1910, in the case of *J. P. Rhines* v. *State,* and was decided as now. There was no written opinion, but there was a very full entry on the minutes of the court. So much of that entry as it is necessary to reproduce here is in the following language:

"And it appearing from the records of this court that plaintiff in error, J. P. Rhines, was indicted and convicted in the criminal court of Davidson county under the provisions of Shannon's Code, section 6592, of a felony, to wit, . . . and that he prosecuted an appeal in the nature of a writ of error to the present term of this court, and at a former day of this

term, the judgment of the court below was reversed, and the verdict of the jury set aside, and upon the recommendation of the court, a *nolle prosequi* was entered by the attorney-general, and that in the judgment entered it was ordered that the State of Tennessee pay the costs of the appeal; . . . and upon consideration of the foregoing facts, the court is of opinion that the county of Davidson, and not the State of Tennessee, is liable for the costs of the appeal in this case.''

The question arose on motion of the county attorney for Davidson county to retax and disallow the costs of the supreme court clerk. The court disposed of the matter as above, pursuant to an oral opinion delivered for the court by Chief Justice Beard. Under the facts as indicated in the entry, supra, the costs were properly adjudged against Davidson county pursuant to subsection 2 of section 7619 (Shannon's Code), and section 7621. It should further be added in respect of the costs of the supreme court clerk, it was enacted in chapter 75 of the Acts of 1901:

''That the clerk of the supreme court of this State shall demand and receive the fees hereinafter enumerated in all causes in which said services as herein designated are rendered,'' etc.

As to the fees of the clerk of the trial court for costs of the transcript, it is conceded by counsel that these are taxable under the Jarvis Law, but it is insisted they should not be allowed in the present case, because the transcripts were not filed until after the expiration

of forty days, contrary to rule 7 of the court (126 Tenn., 718, 160 S. W., viii). The rule says, ''in the absence of good cause for such failure.'' The practice of the court is to consider such matters only at the term at which the cause is tried, when the whole subject is fresh in the minds of court and counsel, and the clerk of the trial court may likewise be supposed to have in mind all the circumstances attending his failure, with the reasons for such failure. After the case has been disposed of and the term is closed, it is too late to bring up such a matter. It cannot be done on motion to retax costs.

Motion disallowed.