Robert Earl BECTON, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Jan. 21, 1974.

Rehearing Denied March 18, 1974.

George A. McCormick, Memphis, for petitioner.

David M. Pack, Atty. Gen. of Tenn., C. Hayes Cooney, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

FONES, Justice.

The parties will be designated as follows, the petitioner, Robert Earl Becton, as defendant, and the respondent, State of Tennessee, as the State.

Defendant was convicted on a guilty plea in the Shelby County Criminal Court on May 1, 1971, of involuntary manslaughter, and was sentenced to not less than one nor more than five years in the penitentiary, with the actual place of confinement to be the Shelby County Penal Farm, by order of the trial court.

On November 23, 1971, after serving about six months of the sentence, defendant filed a petition for suspended sentence.

On November 27, 1971, defendant filed a petition in the Criminal Court of Shelby County, styled, "Robert Earl Becton, plaintiff, v. State of Tennessee and Phil M. Canale, District Attorney General, Defendant." The petition bears the same number, 19045, as the case in which he pled guilty to involuntary manslaughter, and in which he filed a petition for suspended sentence. Said petition was entitled, "Petition to Declare Section 40–2903 of the Supplements of Tennessee Code Annotated unconstitutional under Declaratory Judgment Act."

Defendant's petition was considered by the trial court in a hearing on March 13, 1972. At that time, T.C.A. § 40–2903 read, as follows:

*"No suspension after service of part of sentence—Exceptions.*—No trial judge shall have the authority under the provisions of § 40–2901, to suspend the execution of sentence after the defendant shall have begun to serve such sentence, except where the sentence is to confinement in the county jail or workhouse for a period of time less than one (1) year, with or without a fine. In such cases, the trial judge, may, at any time after the defendant has actually served not less than thirty (30) days of such jail or workhouse sentence, suspend the remainder thereof despite the expiration of the term of court at which such judgment was pronounced or an earlier refusal to suspend in toto such judgment. Nothing herein shall be construed as granting to trial judges the right to suspend the payment of fines except at the term at which judgment therefor was rendered."

In 1973, Section 40–2903 was amended, with the words, "a period of time less than one (1) year" being deleted, and substitut-

ing therefor the words, "the commission of a misdemeanor or a felony pursuant to § 40–3105, for a period of time less than five (5) years."

Defendant's petition alleges, inter alia, that Becton began serving his sentence on May 21, 1971, and, at that time, he was without grounds to petition the court for a suspended sentence; that subsequent to said date, his three-year old daughter was struck by an automobile driven by an uninsured motorist, and was injured, causing hardship in his family. It was further alleged that T.C.A. § 40–2901 gives authority to suspend sentences in such cases, and that T.C.A. § 40–2903 attempts to strip the court of the power to suspend sentences, after the defendant shall have begun to serve such sentence, except where the confinement is less than one year in the County jail or workhouse, and that said Section is in violation of petitioner's constitutional rights under the State and Federal constitutions.

The trial court entered an order in said Cause No. 19045 on the 13th of March, 1972, bearing the title, "Order Declaring Section 40–2903 Unconstitutional and Granting Petition for Suspended Sentence." As indicated by the title, the court declared said statute unconstitutional, and granted the petition for suspended sentence, placing Becton on probation for a period of two years.

The State petitioned for the writ of certiorari and supersedeas in the Court of Criminal Appeals. Said Court granted certiorari but not supersedeas.

The Court of Criminal Appeals reversed the trial court, holding that, "the trial court had neither the jurisdiction nor the authority in these proceedings to declare any part of the statutory law of this State to be unconstitutional." This was the conclusion reached by the Court of Criminal Appeals based upon its holding that the initiation of a declaratory judgment action in the Criminal Court was without precedent in this State and could not be maintained.

Said Court did not reach the issue of the constitutionality of T.C.A. § 40–2903.

Defendant filed a petition for writ of certiorari to review the action of the Court of Criminal Appeals. We granted the writ, oral argument was waived, and the case was submitted on briefs.

█ In the view we take of this case, it is unnecessary to determine whether an original action for a declaratory judgment may be filed in the Criminal Court. It is fundamental that a declaratory judgment action cannot be maintained in any court when the question sought to be adjudicated can properly be made an issue in a suit that is then pending. The question that Becton sought to litigate was the constitutionality of § 40–2903. He was entitled to raise that issue in his petition for a suspended sentence. The trial judge considered the issue on its merits at the same hearing and in the same case wherein the petition for a suspended sentence was at issue. It was not necessary that the defendant invoke the declaratory judgment statutes as a prerequisite to raising the constitutionality of T.C.A. § 40–2903. On the other hand, the fact that he so designated his petition, should not foreclose him from a consideration of the merits of the issue raised therein. In short, we hold that the trial court should have treated the petition for declaratory judgment as simply an amendment to and a part of the petition for suspended sentence. In substance, this is what occurred in the trial court.

█ Defendant clearly had standing to challenge the constitutionality of T.C.A. § 40–2903. Under the express terms of the statute, the trial court could not suspend defendant's sentence, since defendant had already started serving it. It was necessary for defendant to overcome the effect of T.C.A. § 40–2903 before he could be granted the relief sought under T.C.A. § 40–2901.

We will now consider the merits of said challenge.

In this Court defendant insists that Section 40–2903 is in violation of the Fourteenth Amendment to the United States Constitution, in that it is arbitrary, discriminatory, and denies defendant equal protection of the law and due process. Defendant cites no cases in support of his position.

Defendant insists that Section 40–2903 is arbitrary and discriminatory in that it discriminates against those who, at the time of sentence, do not have a valid reason to petition the Court for a suspended sentence —in the instant case, what defendant refers to as a valid reason appears to be the allegation that if he is not released, hardship will result in his family.

■ In our opinion, the Legislature, in providing for suspended sentences, was not acting arbitrarily or discriminatorily in placing limits upon the exercising by the trial courts of the power to grant suspended sentences. We are further of the opinion that the time at which defendant begins serving the sentence is a logical and reasonable point for termination of the authority of the trial court to suspend said sentence. This classification does not offend the Equal Protection Clause merely because the line drawn at the point where defendant starts serving his sentence in practice may result in some inequality. Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911).

The fact that in defendant's particular case family hardship may result gives no indication that the provisions of Section 40–2903 do not apply in the same way to all of the members of the class within which defendant falls. Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); Daugherty v. State, 216 Tenn. 666, 393 S.W.2d 739 (1965).

Defendant has been put beyond reach of the trial court's power to suspend sentenc-

es, not only by the fact that he filed his petition after he began serving the sentence, but also by the length of defendant's sentence. See Section 40–2903, supra.

■ For a statutory classification to be consistent with the Equal Protection Clause, said classification must have a reasonable basis. See Morey v. Doud, supra, and Daugherty v. State, supra.

■ In our opinion there may be several plausable reasons or bases for the classification respecting the length of the sentence; one of these is suggested in the State's brief, to wit, that suspended sentences are to be favored for those persons who are sentenced for less than one year (less than five years under the current amendment to T.C.A. § 40–2903) because of the assumption that these individuals could be let back into society without extensive correctional or rehabilitational treatment.

On the basis of the foregoing, we do not feel that defendant has carried the burden of showing that the classifications in question do not rest upon any reasonable bases and are essentially arbitrary.

■ Neither do we feel that the provisions of Section 40–2903 offend the concepts of "fundamental fairness" and "substantial justice" as espoused by this Court in defining the term, "due process of law." Smithson v. State, 222 Tenn. 499, 438 S.W.2d 61 (1969); Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768 (1966), and Van Zandt v. State, 218 Tenn. 187, 402 S.W.2d 130 (1966).

It results that T.C.A. § 40–2903 is a valid and constitutional enactment.

The Court of Criminal Appeals was in error in holding that the trial court did not have jurisdiction to entertain defendant's petition for suspended sentence. The trial court was in error in holding Section 40–2903 to be unconstitutional. The judgment

of the trial court is reversed, defendant's petition dismissed, and the case remanded to the trial court for the entry and enforcement of an Order with respect to the remainder of defendant's sentence consistent with this opinion.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and LEECH, Special Justice, concur.

## OPINION ON PETITION TO REHEAR

FONES, Justice.

The petition to rehear does not address itself to the ruling of the Court as set forth in the foregoing opinion. The petition asks us to tax the court costs against Shelby County and the State of Tennessee, and to either commute Becton's sentence to time served or recommend to the Governor that the sentence be commuted.

Petitioner relies upon T.C.A. § 40-3331. This section, originally enacted as Chapter 20 of the Acts of 1897, was held in Working v. State, 131 Tenn. 186, at 188, 174 S.W. 256 (1914), to apply only to costs in the trial courts. A subsequent amendment to said section imposed costs upon the State in felony cases that proceed to a verdict. We hold that the section remains applicable only to costs in the trial court.

In addition, this proceeding was not an appeal from Becton's conviction of a felony, but from his petition in the trial court seeking a suspended sentence.

This Court has no authority to consider the other relief requested in the petition to rehear and it is therefore denied

The costs of the appeal in this Court are adjudged against Robert Earl Becton.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and LEECH, Special Justice, concur.