**STATE of Tennessee, Appellee,**

v.

**Bill CORRELL, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Jan. 25, 1982.

P. Douglas Morrison & Thomas H. Dickenson, Morrison, Morrison & Morrow, P. A., Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Sr. Asst. Atty. Gen., Nashville, for appellee.

## OPINION

FONES, Justice.

The only issue on this direct appeal in a criminal case is whether excluding convictions for selling schedule I or II controlled substances from eligibility for suspended sentences violates the equal protection clauses of the State or Federal Constitutions.

Appellant received a sentence of not less than four years nor more than seven years for selling cocaine in violation of T.C.A. § 52–1432(a)(1)(B). The trial judge denied defendant's petition for probation for the reason that the statute authorizing the suspension of sentences, T.C.A. § 40–2901, excludes from eligibility persons convicted of selling schedule I or schedule II drugs.

T.C.A. § 40–2901 gives a trial judge the discretion to suspend the sentence of any person convicted of a misdemeanor or a felony, if the maximum sentence imposed is ten years or less, but a number of specifically named offenses are excluded including the sale of schedule I or II drugs.[1]

Appellant contends that the denial from consideration for probation places him in a special class which abridges his right to equal protection guaranteed by the Fourteenth Amendment to the United States Constitution and Article XI, Section 8 of the Tennessee Constitution.

Defendant concedes that the classification involved here is subject to the rational basis test.[2] Under that test, if some reasonable basis can be found for the classifica-

---

1. The excluded offenses are: "murder in the first degree, murder in the second degree, rape, unlawful carnal knowledge of a female under the age of twelve (12) years, robbery accomplished by the use of a deadly weapon, a second or subsequent violation of §§ 39–901, 39–902, 39–903, 39–904, violation of § 52–1432(a)(1)(A) or (B), and in all other cases for which the minimum sentence provided by law is ten (10) years or more; and except in those cases in which the defendant has been convicted of two (2) or more felonies for which the maximum sentence provided by law exceeds ten (10) years' confinement in the state penitentiary." T.C.A. § 40–2901.

2. The rational basis test has been applied in similar fact situations. Under this test, all that need be proven is that the statute has some reasonable or rational basis for accomplishing the purpose for which it was enacted and that the statute does not arbitrarily discriminate. *Becton v. State*, 506 S.W.2d 137 (Tenn.1974). When a statute discriminates against a fundamental right or an inherently suspect class such as race, nationality or alienage, then other equal protection tests have been employed. Under the present fact situation, the rational basis test meets the criteria for governing this

tion, or if any state of facts may reasonably be conceived to justify it, the classification will be upheld.

"The burden of showing that a classification is unreasonable and arbitrary is placed upon the individual challenging the statute; and if any state of facts can reasonably be conceived to justify the classification or if the reasonableness of the class is fairly debatable, the statute must be upheld. *Swain v. State*, 527 S.W.2d 119 (Tenn.1975)." *Harrison v. Schrader*, 569 S.W.2d 822, 826 (Tenn. 1978).

Defendant's principal argument is that excluding first time drug sellers from those eligible for consideration for probation is not rationally related to the objective of the probation statute, to-wit: to avoid placing first time offenders with hardened criminals and to provide an opportunity for self-rehabilitation.

The legislative grant of probation is a privilege and cannot be demanded as a right. See *Hooper v. State*, 201 Tenn. 156, 161, 297 S.W.2d 78, 81 (1956). The Legislature has seen fit to withhold that privilege from those who commit the most serious crimes against society. What we said in *Swain v. State*, 527 S.W.2d 119 (Tenn.1975), where the issue of denial of bail to those convicted of selling drugs was under equal protection attack, is relevant here:

"In enacting the Drug Control Law of 1971, the Legislature no doubt considered the cause-and-effect relationship between drug pushing and the tremendous increase of all types of offenses against society. It has been held that engaging in narcotics traffic and a conviction for conspiracy to deal in and distribute heroin warrants a finding that the defendant is a 'danger to the community', see *U. S. v. Erwing*, 280 F.Supp. 814 (N.D.Cal.1968)." *Id.* at 121.

Defendant also contends that the classification in the instant case is analogous to the classification held to violate due process

and equal protection in *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In *Griffin*, defendant was indigent and unable to pay for a transcript of the trial proceedings for use on appeal and Illinois conceded that defendant needed a transcript to get adequate review of the alleged trial errors.

We think *Griffin* is clearly distinguishable from the instant case. Mr. Justice Black writing for the Court in *Griffin* appears to have placed indigency in the "suspect" classification, with the following observation:

"In criminal trials a state can no more discriminate on account of poverty than on account of religion, race, or color. Plainly the ability to pay costs in advance bears no rational relationship to a defendant's guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial." 76 S.Ct. at 590.

Suspect classifications are subject to strict scrutiny, being those classifications that interfere with the exercise of a fundamental right and operate to the peculiar disadvantage of a suspect classification, such as race, national origin or religion. *Harrison v. Schrader, supra.* In our opinion, where indigency affects the kind of trial or appellate review a person charged with a criminal offense receives, it becomes a suspect classification. Obviously, convicted sellers of drugs, as distinguished from those convicted of crimes eligible for probation under T.C.A. § 40–2901, are not a "suspect" classification. We recognize that *Griffin* does not expressly focus on the "suspect" classification aspect of indigency in the factual context of that case; at the same time it does not distinguish between the dual constitutional infirmities of due process and equal protection. Thus we find it neither controlling nor persuasive on the equal protection issue in the instant case.

It simply cannot be said that the Legislature, in the exercise of its police power to preserve the safety and morals of the public, has no rational basis for exclud-

issue. For a discussion of the various tests employed see 45 Tenn.L.Rev. 514 (1978), and 3

ing persons convicted of selling the two most dangerous categories of drug classifications from the privilege of probation.

The judgment of the Circuit Court of Blount County is affirmed. Costs are adjudged against defendant.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ.