STATE of Tennessee, Appellant,

v.

Larry TEASLEY, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

March 22, 1983.

Permission to Appeal Denied by Supreme Court June 27, 1983.

James R. Omer and Jay Stillman, Nashville, for appellee.

William M. Leech, Jr., State Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., John Zimmermann, Asst. Dist. Atty. Gen., Nashville, for appellant.

## OPINION

BYERS, Judge.

The defendant was indicted on seven counts of selling controlled substances and in an eighth count of being an habitual drug offender. The indictment was based upon T.C.A. § 52–1432(d). All of the offenses charged occurred prior to April 22, 1982, and were the bases for the charge of habitual drug offender.

The defendant had no prior convictions for drug offenses. Prior to April 22, 1982, a prior conviction for a drug offense was not required before a defendant could be prosecuted as an habitual drug offender.

By amendment to the act effective April 22, 1982, the legislature provided no person could be prosecuted as an habitual drug offender unless they had been convicted of a drug offense prior to the return of the indictment in which such a charge is made.

The trial judge dismissed the charge of being an habitual drug offender because he was of the opinion the legislature intended the amendment to apply to those acts occurring prior to the amendment where prosecution was not had until after the amendment and because he was of the view to apply the previous act to the defendant would create an unconstitutional classification and thus violate the defendant's right to equal protection under the law.

We are of the view the trial judge was in error in both respects and reverse the judgment herein.

T.C.A. § 39–1–105, formerly T.C.A. § 39–114, mandates that when any penal statute is repealed or amended by subsequent act, any offense committed within the definition of the previous act, prior to the amendment, shall be prosecuted under the provisions of the previous act. The only provision for retroactive application of an amended act is to give an accused, who committed the offense prior to the amendment, the benefit of any lesser punishment provided by the act. See also State v. Collins, 528 S.W.2d 814 (Tenn.1975).

The amendment of the act in question did not change the penalty provision of the act. The punishment for the offense of being an habitual drug offender is the same in the previous and in the amended act.

A statute cannot be declared unconstitutional on the basis that its application would create an unreasonable classification unless it is shown such application would subject some groups within a class to the application of the act and exclude others within the class from its application. See Harrison v. Schrader, 569 S.W.2d 822 (Tenn. 1978).

All persons who fall within the group of persons who have committed offenses which occurred prior to the amendment of this act would be subject to the same provisions as the defendant in this case. Therefore, the application of the previous act to the defendant would not deny him equal protection under the law.

It seems to us the legislative intent that the amended act should not apply to those situated as the defendant is extremely clear. By Section 3 of Chapter 854 of the Public Acts of 1982, adjourned session, the legislature said, "The provisions of this Act [amended] shall have no application to offenses occurring prior to the effective date of the Act." The legislature did not intend what the trial judge found they intended.

DAUGHTREY and SCOTT, JJ., concur.