**STATE of Tennessee, Appellee,**

v.

**Gloria MURPHY and Marietta Govan, Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 14, 1983.

Melvin G. Turner, Memphis, for appellant Murphy.

Rehim Babaoglu, Memphis, for appellant Govan.

William M. Leech, Jr., State Atty. Gen. & Reporter, Gordon W. Smith, Asst. State Atty. Gen., Nashville, Kathleen Spruill, James C. Beasley, Jr., Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

BYERS, Judge.

■ The defendant Gloria Murphy was convicted on two counts of violating T.C.A. § 39–6–1104 (obscenity) and was sentenced to serve sixty (60) days in the county jail on each conviction. The judgment does not order the sentences to be served consecutively, and they are therefore to be served concurrently. The defendant Marietta Govan was found guilty on one count of violating T.C.A. § 39–6–1104 and was sentenced to serve sixty (60) days.

The defendants say the evidence is not sufficient to sustain the verdict and say that T.C.A. § 39–6–1104 is unconstitutional in the punishment provision as it relates to them. Govan says the trial court erroneously allowed, as an exhibit, a diagram which Govan claims indicated prostitution was being conducted at the club where the offenses occurred and says the trial court erroneously allowed testimony as to code-fendant Charles Lee Allen's ownership of the club and as to obscene dances, which occurred at the club during the time Allen owned the club.

The judgments are affirmed.

■ There is sufficient evidence in this case for the jury to find beyond a reasonable doubt that the defendants performed nude dances in such a manner as to make the conduct an obscene display within the meaning of the obscenity statute.

The defendants' attack on the sufficiency of the evidence is based upon the state's failure to present evidence of contemporary community standards or expert testimony that the acts complained of were "obscene" as defined in T.C.A. § 39–6–1101(5).

The state is not required to present affirmative evidence to show such matters. *Taylor v. State*, 544 S.W.2d 897 (Tenn.Cr. App.1976); *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). The jurors may determine whether conduct is "obscene" as defined in T.C.A. § 39–6–1101(5) from their own knowledge of the community. *Hamling, supra.*

The defendants claim T.C.A. § 39–6–1104 is unconstitutional because the statute provides that a corporation shall be punished by a fine for a violation of the statute and an individual shall be punished by incarceration. The defendants contend there is no rational basis for this classification.

■ The legislature, in the exercise of its police power, may assess different punishment for different classes of people who violate the law if such classification has a rational basis. *See State v. Correll*, 626 S.W.2d 699 (Tenn.1982). "The legislature may distinguish among the ills of society which require a criminal sanction, and may punish them appropriately without violating constitutional limitations," *State v. Hinsley*, 627 S.W.2d 351, 355 (Tenn.1982).

■ We think the reasonableness of fining a corporation and incarcerating an individual is self-evident. Corporations cannot be incarcerated; individuals can be incarcerated. Constitutional soundness does not require the legislature to shield individuals from incarceration because corporations cannot be jailed.

■ We find no reversible error in the admission of the diagram of the club in which these acts were performed. Although the diagram of the area where a couch was located was not necessary to show the obscenity of the dances which were performed, we cannot say, given the overwhelming evidence of guilt, that this prejudiced Govan.

■ There is no merit to Govan's contention that the trial court erred in allowing evidence that codefendant Allen owned the club during the time Govan performed the acts for which she was convicted and evidence of other obscene dances performed during that time. This evidence was admissible as to Allen to show his guilty knowledge of the obscene performances in the club. The trial court admonished the jury that this evidence could not be considered as evidence of the guilt of the other defendants. There is a presumption the jury followed this instruction. *Price v. State*, 589 S.W.2d 929 (Tenn.Cr. App.1979). In view of the evidence in this record, we cannot say the jury did not follow this instruction.

CORNELIUS, J., and RICHARD R. FORD, Special Judge, concur.