**STATE OF HAWAII**, Plaintiff–Appellee, v. **TODD JASON BERNADES**, Defendant–Appellant, and **IONE K. K. YOUNG** and **ABRAHAM BERNADES**, Defendants

NO. 14098

(CR. NO. 88–1296)

JULY 16, 1990

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

I.

Appellant Todd Jason Bernades appeals his two concurrent mandatory indeterminate twenty year sentences which he received after being convicted by a jury of two counts of Promoting a Dangerous Drug in the First Degree in violation of Hawaii Revised Statutes (HRS) § 712–1241(1)(b)(ii)(A), a Class A felony. Following his conviction, Appellant was sentenced to the challenged mandatory twenty year indeterminate sentence as required by HRS § 706–659 which does not allow probation or suspension of sentence for Class A felonies.[1]

Appellant argues that because the sentencing statute takes all sentencing discretion away from the trial court, he has been denied his due process right to individualized sentencing. He also claims that the legislature, in enacting the sentencing statute, has unlawfully encroached upon the sentencing function of the judiciary in violation of the separation of powers doctrine.

We disagree and affirm.

---

[1] The statute reads in pertinent part:

[§706–659] Sentence of imprisonment for class A felony. Notwithstanding sections 706–620 to 706–631, suspension of sentence and probation, and sections 706–605, 706–606, 706–606.5, 706–660.1, 706–661, 706–662, and any other law to the contrary, a person who has been convicted of a class A felony shall be sentenced to an indeterminate term of imprisonment of twenty years without possibility of suspension of sentence or probation. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706–669.

## II.

Appellant first argues that because his sentence was determined in advance by the legislature without regard to his individual circumstances, he was denied his due process right to individualized sentencing based on his personal culpability and individual characteristics. He argues that the Hawaii Constitution affords him this right even if the United States Constitution does not.

Individualized sentencing based on the court's view of the seriousness of the crime or of the characteristics of the offender has been customary in the United States for many years. A. Dershowitz, *Background Paper*, FAIR AND CERTAIN PUNISHMENT, at 88–91 (1976). However, there is no federal constitutional right to individualized sentencing in noncapital cases. *Lockett v. Ohio*, 438 U.S. 586, 604–05, 98 S. Ct. 2954, 2965, 57 L. Ed. 2d 973, 990 (1978). Nor do federal courts have an inherent right to suspend sentence or grant probation. *Ex Parte United States*, 242 U.S. 27, 37 S. Ct. 72, 61 L. Ed. 129 (1916).

However, in Hawaii due process protection under our state constitution is not necessarily limited to that provided by the fourteenth amendment of the United States Constitution. *State v. Santiago*, 53 Haw. 254, 492 P.2d 657 (1971).

The Hawaii Supreme Court can find independent constitutional consideration of our rights under the Hawaii Constitution and is guided by the principle that "[t]he touchstone of due process is protection of the individual against arbitrary action of government." *State v. Huelsman*, 60 Haw. 71, 88, 588 P.2d 394, 405 (1978) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)).

Appellant relies on *Huelsman, supra*, for the proposition that there is a Hawaii due process right to individualized sentencing by the trial court. However, reliance on *Huelsman*, which deals with extended term sentences, is inapposite.

> *Where* the sentencing process involves an inquiry into the defendant's character in order to arrive at a sentence which gives appropriate recognition to his potential for rehabilitation and his threat to society, the statement of these criteria provides a sufficient safeguard against arbitrary or capricious action by the sentencing judge. A sentence imposed in the absence of such minimum safeguards against arbitrary and capricious selection of sentences would, in our opinion, deprive the defendant of the due process guaranteed by the state constitution. (Emphasis added).

*Huelsman*, 60 Haw. at 89, 588 P.2d at 405.

*Huelsman* held that unguided discretion on the part of the sentencing judge is inappropriate and violates a defendant's due process rights.

Hawaii utilizes mandatory indeterminate sentencing with a maximum term of twenty years for Class A felons. Appellant's individual characteristics and culpability will be considered by the parole board. The Hawaii Paroling Authority determines the minimum term of imprisonment under procedures set out in HRS § 706–669 which focus on the individual characteristics of the offender. Eligibility for parole is determined under procedures set out in HRS § 706–670. There is no allegation by Appellant that parole determination will be made under circumstances of unfettered discretion such as those condemned by this court in *Huelsman*.

Generally, the power to fix criminal sentences is within the ambit of the legislative branch and in noncapital cases, the established practice of individualized sentencing rests not on constitutional commands, but on public policy enacted into statutes. *Lockett v. Ohio*, 438 U.S. at 604–05, 98 S. Ct. at 2965, 57 L. Ed. 2d at 990. Although individualized and often indeterminate sentencing was introduced in America 120 years ago and has been a dominant

characteristic of the American criminal justice system for well over 70 years, it was not always thus. A. Dershowitz, *Background Paper*, FAIR AND CERTAIN PUNISHMENT, at 95. In America's earlier days, the legislature prescribed determinate sentences for specific crimes, the judiciary presided over trials and imposed sentence, and the correctional officials implemented the sentence. *Id.* at 86. There were a number of means to ameliorate the harsh effects of such a scheme including judicial reprieve, "laying the case on file," suspension of sentence, security for good behavior, and, finally, probation. S. Rubin, *The Law of Criminal Correction*, at 188–89, 205–08 (2d ed. 1973).

Appellant implicitly argues that his due process right to individualized sentencing has been violated because probation is no longer available to those convicted of Class A felonies regardless of the personal attributes of the offender. However, historically probation has been a matter of grace or privilege and not a matter of right. *State v. Palama*, 62 Haw. 159, 164, 612 P.2d 1168, 1171 (1980); *Burns v. United States*, 287 U.S. 216, 220, 53 S. Ct. 154, 155, 77 L. Ed. 266, 268 (1932). The legislative grant of probation is a privilege and cannot be demanded as a right. *State v. Correll*, 626 S.W.2d 699, 701 (Tenn. 1982). "The power to grant probation is statutorily conferred; therefore, statutory preclusion cannot infringe on judicial authority to exercise discretion in the matter." *State v. Holmes*, 276 N.W.2d 823, 830 (Iowa 1979). Since there is no constitutional right to receive probation, a due process claim based on the refusal of the legislature to permit probation is baseless. *Id.* at 830.

In Hawaii the possibility of probation for Class A felonies was eliminated by the legislature in 1980.

> Your committee feels that the seriousness of class A felonies which all involve violence, physical harm, or the threat thereof, merits mandatory imprisonment. This bill effects this purpose by denying suspension of sentence

and probation as sentencing options in class A convictions, but retains, through indeterminate sentence, the option of parole by the parole authority in order that unusual extenuating circumstances can be given due consideration.

Sen. Stand. Comm. Rep. No. 965–80, in 1980 Senate Journal, at 1490–91.

It cannot be said that it is irrational that the legislature later decided to include the sale of dangerous drugs such as cocaine in this category which does not allow probation. *Correll*, 626 S.W.2d at 702. The Commentary to HRS §§ 712–1241 to –1250 indicates that the drugs categorized as "'dangerous' have the highest degree of danger or probable danger" and are "the most fearsome in their potential for destruction of physical and mental well being."

In any case, individualized sentencing has been retained since the Hawaii Paroling Authority sets the minimum term which is based on characteristics of the offender and on the nature of the offense. The indeterminate sentencing scheme for Class A felons thus does not violate the due process clause of the Hawaii and United States Constitutions.

## III.

Appellant also argues that "the legislative removal of every vestige of discretion from the judiciary in the imposition of sentence constitutes a violation of the doctrine of separation of powers." This argument is without merit. Under our system of government, the power to determine appropriate punishment for criminal acts lies in the legislative branch. *State v. Freitas*, 61 Haw. 262, 274, 602 P.2d 914, 923 (1979). The courts cannot interfere unless the punishment prescribed appears clearly and manifestly to be cruel and unusual. *Id.* at 267, 602 P.2d at 919. In the federal system it was recognized early on that Congress had the right to fix the

sentence for federal crimes. *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 5 L. Ed. 37 (1820). Congress determined the scope of judicial discretion in sentencing. *Ex Parte United States*, 242 U.S. 27, 37 S. Ct. 72, 61 L. Ed. 129 (1916). The United States Supreme Court held in *Ex Parte United States* that federal judges had no inherent power to suspend sentences.

A system of "three way sharing" of sentencing power developed where the legislature prescribed punishment within a broad range, the judiciary was granted broad discretion to determine what the sentence would be within a wide customary range, and executive branch personnel were granted wide discretion to determine when to release a prisoner before the expiration of his sentence. *Mistretta v. United States*, 488 U.S. 361, \_\_\_, 109 S. Ct. 647, 650–51, 102 L. Ed. 2d 714, \_\_\_ (1989).

Consequently, we hold that the sentencing scheme under a "three way sharing" of powers as it presently exists in Hawaii does not violate the separation of powers doctrine under the Hawaii and United States Constitutions.

Affirmed.

*Philip D. Bogetto* for Defendant–Appellant.

*Alexa D. M. Fujise,* Deputy Prosecuting Attorney, for Plaintiff–Appellee.