# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 2, 1999 Session

## STATE OF TENNESSEE v. CHRISTOPHER LINDSAY

**Appeal as of Right  from the Criminal Court for Anderson County**
**No. 98CR0137      James B. Scott, Jr. Judge,**

---

**No. E1998-00036-CCA-R3-CD**
**November 3, 2000**

---

On September 25, 1998, Christopher Lindsay, the defendant and appellant, pled guilty to driving under the influence, second offense.[1]  Following a sentencing hearing, the trial court sentenced the defendant to eleven months and twenty-nine days, all of which was to be served on probation except forty-five days.  On appeal, the defendant argues (1)  that the trial court should have ordered the defendant to serve his mandatory minimum incarceration in a work release program, and (2) that the trial court should have ordered the defendant to serve his mandatory minimum incarceration on a periodic basis.  After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and THOMAS T. WOODALL, J., joined.

Nancy Meyer, Clinton, Tennessee attorney for the appellant, Christopher Lindsay.

Paul G. Summers, Attorney General & Reporter, Marvin S. Blair, Jr., Nashville, Tennessee and James N. Ramsey, District Attorney General, Jan Hicks, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### WORK RELEASE

The defendant challenges the trial court's decision not to allow him to participate in a work release program.  He argues that the court erred when it held that the court was without authority to order the defendant to participate in such a program because Anderson County did not have a work release program.

---

[1] The defendant also pled guilty to leaving the scene of an accident.  He makes no complaint regarding his sentence for that offense.

Contrary to the defendant's assertion, Anderson County's failure to institute a work release program does not violate the defendant's right to equal protection. Equal protection is guaranteed by both the United States and Tennessee Constitutions.[2] Although "[t]he equal protection provisions of the Tennessee Constitution and the Fourteenth Amendment are historically and linguistically distinct," the Tennessee Supreme Court has stated that Article I, section 8 and Article XI, section 8 of the Tennessee Constitution confer "essentially the same protection" as the equal protection clause of the United States Constitution. State v. Tester, 879 S.W.2d 823, 827-28 (Tenn. 1994) (citing Tennessee Small School Systems v. McWherter, 851 S.W.2d 139, 152 (Tenn. 1993)).

Under both the state and federal constitutions, a statute does not unconstitutionally create an unreasonable classification unless it applies to some groups and excludes others. State v. Teasley, 653 S.W.2d 761, 762 (Tenn. Crim. App. 1983). That is not the case here because the statutes at issue are equally applicable to all counties. Section 41-2-128 allows the mandatory minimum incarceration for a second DUI conviction to be served in a work release program provided certain conditions are met. Until Tester, however, the act only applied to defendants in counties with either a metropolitan form of government or a population of seven hundred thousand (700,000) or more.[3] See Tenn. Code Ann. § 41-2-128(c)(1) & (9) (1990 & Supp. 1993). The Tester Court held the statute unconstitutional because the legislature had no rational basis for excluding ninety-two (92) counties from the program. Tester, 879 S.W.2d at 830. In response to the decision, the State Legislature again passed the statute, but without the language restricting the program to certain

---

[2]Section 1 of the Fourteenth Amendment to the United States Constitution provides:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Two provisions of the Tennessee Constitution encompass the equal protection guarantee. Article I, Section 8 provides:

> No man to be disturbed but by law.--That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property but by the judgment of his peers or the law of the land.

Article XI, Section 8 provides:

> General laws only to be passed.--The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie, [immunities] or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law.

[3]This restriction made work release for second offense DUI offenders only available to those in Davidson, Shelby, and Moore Counties.

counties. See Tenn. Code Ann. § 41-2-128 (1997). The Legislature also amended section 134, which provided procedures for implementation of the program to the counties, to reflect the changes to section 128. See Tenn. Code Ann. § 41-2-134 (1997).

Furthermore, the Tennessee Legislature has clearly stated that "[a]ll counties in the state . . . *may* institute a work release program . . . ." Tenn. Code Ann. § 41-2-133 (Emphasis added). The use of the permissive word "may" indicates that, while the legislature intended to authorize each county to institute a work release program, it did not intend the program to be compulsory. Thus, the amended statutes do not compel each county to create a work release program. In short, this legislation has not created a classification; indeed, it has specifically declined to do so. Thus, the defendant's equal protection rights are not implicated.

Furthermore, because Anderson County did not have a work release program, the trial court did not err in sentencing the defendant as it did. Work release is a form of probation and is, therefore, a privilege and not a right. State v. Correll, 626 S.W.2d 699 (Tenn. 1982); State v. Lowe, 661 S.W.2d 701 (Tenn. Crim. App. 1983). We have been unable to find any support for the defendant's argument that trial courts should sentence defendants to work release even when the county in which the defendant is sentenced does not have a work release program. Nor do we find any authority giving a trial judge the right to order a misdemeanor sentence to be served in a county other than the one in which the offense occurred. Thus, we find no error in the trial court's determination that the defendant must serve forty-five (45) days, the statutory minimum incarceration for a second DUI, in jail. This issue has no merit.

## PERIODIC CONFINEMENT

The defendant next argues that the trial court should have ordered him to serve his sentence on a periodic basis. Punishment for driving under the influence, second offense is governed by Tenn. Code Ann. § 55-10-403 (1998). The relevant portions of this statute state:

> (a)(1) For conviction on the second offense, there shall be imposed a fine of not less than six hundred dollars ($600) nor more than three thousand five hundred dollars ($5,000) and the person or persons shall be confined in the county jail or workhouse for not less than forty-five (45) days nor more than eleven (11) months and twenty-nine (29) days, and the court shall prohibit such convicted person or persons from driving a vehicle in the state of Tennessee for a period of time of two (2) years. . . . After service of at least the minimum sentence day for day, the judge has the discretion to require an individual convicted of a violation of the provisions of Secs. 55-10-401--55-10-404 to remove litter . . . provided, that any person [so] sentenced ... shall be allowed to do so at a time other than such person's regular hours of employment.
>
> (b)(1) No person charged with violating the provisions of Secs. 55-10-401--55-10-404 shall be eligible for suspension of prosecution and dismissal of charges pursuant to the provisions of Secs. 40-15-102--40-15-105 and 40-32-101(a)(3)-(c)(3) or for any other

pretrial diversion program, nor shall any person convicted under such sections be eligible for suspension of sentence or probation pursuant to Sec. 40-21-101 [repealed] or any other provision of law authorizing suspension of sentence or probation until such time as such person has fully served day for day at least the minimum sentence provided by law.

This Court has determined that the terms "day for day" exclude the possibility of periodic confinement for a DUI offender until the offender has served the mandatory minimum. State v. Gurley, 691 S.W.2d 562, 563-64 (Tenn. Crim. App. 1984). Furthermore, despite provisions in the Sentencing Reform Act of 1989 that provide for periodic confinement, the Tennessee Supreme Court held that the Sentencing Reform Act does not apply to DUI sentences in which application of the act would serve to "alter, amend, or decrease the penalties" provided by law. State v. Palmer, 902 S.W.2d 391 (Tenn. 1995).[4] This Court has previously held that allowing a DUI offender to serve his mandatory minimum sentence on a periodic basis would impermissibly alter the penalty envisioned by Tenn. Code Ann. § 55-10-403. See State v. Darrel John East, No. 01C01-9408-CC-0288, 1995 WL 562239, at *2 (Tenn. Crim. App. at Nashville, Sept. 22, 1995). Thus, the trial court correctly held that it was without authority to order the defendant to serve his mandatory minimum sentence on a periodic basis.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY SMITH, JUDGE

---

[4]Tenn. Code Ann. § 40-35-307 provides for periodic confinement in certain circumstances.