**STATE of Tennessee, Plaintiff-Appellant,**

v.

**William Ronald GAINES, Defendant-Appellee.**

Supreme Court of Tennessee, at Nashville.

Oct. 26, 1981.

James A. DeLanis, Asst. Atty. Gen., Nashville, for plaintiff-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Wade, Forrester, Hays & Wallace, Rogers N. Hays, Jerry W. Wallace, Pulaski, for defendant-appellee.

OPINION

BROCK, Justice.

The defendant entered a plea of guilty to the charge of maliciously casting a missile into a truck in violation of T.C.A., § 39–1203, for which he was given a jail sentence of 11 months and 29 days and was assessed a $50.00 fine. However, the trial court

suspended execution of the sentence and placed the defendant upon probation for one year, conditioned upon his serving five consecutive weekends, 15 days, in the county jail. The defendant's offense occurred during the course of a strike by workers of the Pulaski Rubber Company and the trial judge explained that his purpose in requiring the intermittent incarceration was to deter others from committing like offenses and to acquaint the defendant with "how it feels to be imprisoned."

In a 2 to 1 decision the Court of Criminal Appeals held that the trial judge had attempted an anticipatory probation as authorized by T.C.A., § 40–2903, which would require the defendant to serve at least thirty days consecutively prior to a suspension of his sentence. That court remanded the case for resentencing. In her dissent, Judge Daughtrey argued that the action taken by the trial court was not a combination sentence of at least 30 days of incarceration followed by suspension of sentence, as provided under T.C.A., § 40–2903, but, instead, was a complete and full suspension of execution of the 11 months, 29 days, workhouse sentence and the grant of probation upon condition, among others, that the defendant serve five consecutive weekends in jail. She then considered the question, not heretofore decided in this State, whether the trial judge has the power under our probation and suspension of sentence statutes to make imprisonment a condition of probation. She concluded that such power was granted by T.C.A., § 40–2902.

The authority of our courts to suspend sentences and grant probation is found in T.C.A., §§ 40–2901, 40–2902 and 40–2903. T.C.A., § 40–2901, provides that:

"Whenever any person has been found guilty of a crime upon a verdict or a plea of guilty, all trial judges in the state having criminal jurisdiction are authorized and empowered to suspend the execution of sentence and place the defendant or defendants on probation, *subject to such conditions as the trial judge may deem fit and proper.*" (Emphasis added.)

This Section also defines the cases in which authority to suspend sentence and grant probation is granted.

Insofar as pertinent to this case, T.C.A., § 40–2902, provides:

"Any trial judge desiring to suspend a sentence and place the defendant or defendants on probation as provided for in § 40–2901, shall first pronounce judgment against the defendant or defendants and then shall suspend the execution thereof by placing the defendant upon probation, *subject to such conditions of probation as the trial judge shall deem fit and proper ....*" (Emphasis added.)

T.C.A., § 40–2903, provides:

"No trial judge shall have the authority, under the provisions of § 40–2901, to suspend the execution of sentence after the defendant shall have begun to serve such sentence, except where the sentence is to confinement in the county jail or workhouse for the commission of a misdemeanor or a felony pursuant to § 40–3105, for a period of time not more than five (5) years, with or without a fine. In such cases the trial judge may at any time after the defendant has actually served not less than thirty (30) days of such jail or workhouse sentence, suspend the remainder thereof despite the expiration of the term of court at which such judgment was pronounced or an earlier refusal to suspend in toto such judgment. In such cases the trial judge may also provide in the pronouncement of judgment that the defendant shall serve some fixed period of time not less than thirty (30) days with the remainder of the sentence suspended...."

It was the last sentence of the above quotation from T.C.A., § 40–2903, that the Court of Criminal Appeals relied upon for its conclusion that the trial judge was without authority to enter the judgment appealed from in this case. As held by the majority of the Court of Criminal Appeals, that provision does authorize the trial court in cases "... where the sentence is to confinement in the county jail or workhouse for the commission of a misdemeanor or felony

pursuant to § 40–3105, for a period of time not more than five (5) years, with or without a fine ..." to "... provide in the pronouncement of judgment that the defendant shall serve some fixed period of time not less than thirty (30) days with the remainder of the sentence suspended ...", sometimes referred to as "anticipatory suspension of sentence." It does not follow, however, that the trial court in granting probation pursuant to T.C.A., §§ 40–2901 and 40–2902, is without authority to require incarceration for some period of time, which may be less than thirty days, as a condition of probation.

Although, as this Court noted in *Wilson v. State*, 207 Tenn. 305, 339 S.W.2d 20 (1960), probation is in derogation of the common law, the statutes providing for suspension of sentence and probation should be given a fair construction to effectuate the obvious purposes of those laws, viz., the protection of the public and the rehabilitation of those found guilty of criminal conduct. As we said in *Stiller v. State*, Tenn., 516 S.W.2d 617, 620 (1974),

"Once the trial judge determines that probation is justified under the circumstances, the conditions imposed must be reasonable and realistic and must not be so stringent as to be harsh, oppressive or palpably unjust. . . .

"The entire theory of probation is that it is in the public interest that those who violate society's rules of conduct should, in proper cases, be given an opportunity to rehabilitate themselves and to be restored to useful and productive citizenship. . . ."

■ Our statutes, T.C.A., §§ 40–2901 and 40–2902, in authorizing probation are not restrictive in prescribing the conditions that may be required but, instead, provide quite broadly that probation may be granted "... subject to such conditions of probation as the trial judge shall deem fit and proper." We, therefore, conclude that the trial court in granting probation may require as a condition thereof that the defendant be incarcerated for such reasonable and lawful period or periods of time as the trial judge

deems fit and proper. The period or periods of incarceration need not equal or exceed thirty days and need not be continuous.

In our view, T.C.A., § 40–2903, contemplates that the defendant will serve a portion of the sentence imposed; the time served is thus not a condition of or simultaneous with probation, but precedes probation. This particular code section originally was designed to deal with cases in which the trial judge decides to suspend the sentence after the defendant has already begun to serve it. Before T.C.A., § 40–2903, was enacted the courts considered that probation could not be granted once the defendant had begun to serve his sentence. This code section changed the law and permitted a partial suspension of sentence after the defendant has served at least thirty days thereof. In 1978 this statutory provision was amended to permit the trial judge to anticipate suspension of sentence and fashion an order combining imprisonment for not less than thirty days to be followed by a suspension of the remainder of the sentence. Such anticipatory suspension of sentence and probation is not the same as conditional probation, as has been noted by other courts. *See*, e. g., *State v. Harris*, Iowa, 251 N.W.2d 483, 484 (1977).

Perhaps a plurality of the courts which have construed probation statutes which are nonspecific and general in specifying the conditions of probation which may be required have held that incarceration as a condition for probation is theoretically inconsistent with the concept of suspension of sentence and, thus, is prohibited. *See*, *Sprague v. State*, Alaska, 590 P.2d 410 (1979); 24 C.J.S. *Criminal Law* § 1571(8) (1961). However, there is respectable authority to support the view we have taken. *See*, *Lewis v. State*, Fla.App., 298 So.2d 540 (1974); *State v. Jones*, Fla., 327 So.2d 18 (1976), on remand, 330 So.2d 189, Fla.App. (1976); *Freeman v. State*, Fla.App., 382 So.2d 1307 (1980); *Tabor v. Maxwell*, 175 Ohio St. 373, 194 N.E.2d 856 (1963). The Florida probation statutes authorize the trial judge to require such conditions for pro-

822

bation as the court "considers proper." FSA § 948.03. The Florida courts have construed that statute as authorizing the requirement of incarceration as a condition for probation so long as it is reasonably related to rehabilitation of the defendant and is not used to defeat statutory rights to parole. The Ohio statute permits "such terms as such judge or magistrate determines." Ohio Revised Code, § 2951.02. In *Tabor v. Maxwell, supra,* the court construed this statutory provision as follows:

"This section endows the trial court with broad general powers in relation to conditions which may be imposed upon one placed on probation." *Ibid.* at 858.

As an optional provision, the Model Penal Code, § 301.1 [(3)] (P.O.D. 1962), approves incarceration as a condition for probation:

"When the court sentences a person who has been convicted of a felony or misdemeanor to be placed on probation, it may require him to serve a term of imprisonment not exceeding thirty (30) days as an additional condition of its order. The term of imprisonment imposed hereunder shall be treated as part of the term of probation, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall not be credited toward service of such subsequent sentence.

Finally, we think it relevant to point out the provisions of T.C.A., § 40–2719. This Section of the code does not deal with suspension of sentence or probation; rather, it deals with the structuring of sentences in certain criminal cases. It provides:

"Whenever any person is sentenced to imprisonment in a county jail or workhouse for a period not to exceed eleven (11) months and twenty-nine (29) days, the judge of the court in which the sentence is imposed may, in his discretion, include in the order of judgment suitable provisions and directions to the officer to whose custody the prisoner is committed for safekeeping as will insure that the convicted person will be allowed to serve his sentence on nonconsecutive days

which may include but is not limited to weekends, between hours to be specified in the judgment, which provisions or directions may be revoked, suspended or amended from time to time by the judge of the committing court until the sentence is served or until the convicted person is lawfully released prior to the expiration of his sentence."

This provision at least indicates that in the opinion of the legislature a requirement of incarceration on nonconsecutive days is not an unreasonable one.

The judgment of the Court of Criminal Appeals is reversed and that of the trial court is affirmed. This cause is remanded to the trial court for further proceedings consistent with this opinion. Costs incurred upon appeal are taxed against the defendant.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.