**STATE of Tennessee, Appellee,**

v.

**Margaret CRANE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 10, 1983.

Permission to Appeal Denied by Supreme Court March 14, 1983.

William M. Leech, Jr., Atty. Gen. & Reporter, Steven A. Hart, Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Richard Vance, Asst. Dist. Atty. Gen., Sevierville, for appellee.

Michael J. Passino, Robert DeLaney, Nashville, for appellant.

OPINION

DWYER, Judge.

The sole issue in this appeal is that the denial of probation was an abuse of discretion.

The appellant was convicted for receiving and concealing stolen property not exceeding $100, with confinement for not less than one year nor more than two years. The conviction was affirmed by this court in an unpublished opinion styled *State v. Margaret Crane,* released at Knoxville on September 9, 1980.

The appellant's proof at the probation hearing consisted of her testimony and the testimonies of her mother and clerk and master of the Chancery Court of Sevier

---

County. The State's proof consisted of testimony from a Mr. Smith, the owner of the tools, which formed the basis of appellant's conviction.

In a scholarly brief, the appellant cites some twenty-five authorities to support appellant's issue. The State, in like manner, cites some eighteen authorities to uphold its argument that the evidence supports the denial and that there was no abuse of discretion.

The trial court accorded the appellant all of the statutory rights to which she was entitled. See *Stiller v. State,* 516 S.W.2d 617, 620 (Tenn.1974).

The evidence: The appellant, at the time of the hearing, was a fifty-seven-year-old female with no prior record. She is the sole custodian of her eighty-four-year-old mother. She has steadfastly denied her guilt and maintained her innocence throughout. She and her mother accused Mr. Smith of many transgressions towards them. The clerk and master, testifying in the appellant's behalf, related that she would believe the appellant, but acknowledged that the appellant and her mother had more enemies than friends in Sevier County.

On the other hand, Mr. Smith testified that letters, threats, and an unbelievable amount of harassment had been directed towards him by the appellant during and since her conviction and that as a result his reputation has been irreparably damaged.

In denying probation, the trial court found that the appellant was a vindictive and vicious woman, with a remarkable depth of animosity, and that the appellant had fabricated a witness who allegedly wrote a letter saying that the appellant had bought the stolen tools from him.

The probation report expressed no recommendation as to appellant being a good or bad risk. Indeed it was rather bland, but a reading of it conveys that appellant did not enjoy a good reputation in the community.

Summed up, the overriding fact implicit in the trial court's denial of probation was that appellant was not worthy of this largesse of the law. *Stiller v. State, supra.* A

reading of this record conveys that the trial court adduced from the evidence that the prospect of her self-rehabilitation was non-existent and that society would not benefit from her being probated.

 In conclusion, this court should not second-guess the trial court in matters of this kind. *Mattino v. State,* 539 S.W.2d 824 (Tenn.Cr.App.1976). There is evidence in this record which could support the trial court's judgment in either direction. In such a state of affairs we cannot say denial was an abuse of discretion. *State v. Grear,* 568 S.W.2d 285 (Tenn.1978). The issue overruled, the judgment is affirmed.

CORNELIUS and SCOTT, JJ., concur.