STATE of Tennessee, Appellant,

v.

Frank B. SMITH, Jr., Appellee.

Supreme Court of Tennessee.

Dec. 27, 1983.

Gordon W. Smith, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, for appellant.

Charles S. Kelly, Dyersburg, John Ott, McComb, Miss., Richard T. Watson, Woodville, Miss., for appellee.

OPINION

COOPER, Justice.

The issue presented on appeal is whether the Court of Criminal Appeals erred in reversing the trial court's denial of defendant's application for suspension of sentence and probation.

The defendant, Frank B. Smith, Jr., was indicted and tried for murder in the first degree in the shooting death of Robert Bearden and for grand larceny in the theft of the victim's personal belongings, including his billfold and $3,200.00 in cash. The jury found Smith guilty of voluntary manslaughter and of an attempt to commit the felony of larceny. Smith was sentenced to serve not less than four nor more than eight years in the state penitentiary on the manslaughter conviction, and not less than one nor more than five years on the conviction of an attempt to commit a felony.

Prior to his appeal of the convictions, the defendant filed a petition seeking a suspension of his sentences. The trial court denied the petition, citing the nature of the offense, and the deterrent effect the denial

of the petition would have upon other criminal activity.

The Court of Criminal Appeals affirmed the convictions. However, the court found that the record failed to support the actions of the trial court in denying the petition for suspension of sentence, and remanded the case for entry of an order suspending the sentence and granting appellant probation under conditions to be set by the trial court.

■■■ The statute authorizing probation and suspension of sentence places the power "within the sole discretion of the trial judge." T.C.A. § 40–21–104. The discretion vested in the trial judge, though voiced in absolute terms, is reviewable in the appellate courts and may be reversed if the appellate court finds that the decision of the trial court is not supported by any evidence. *State v. Hollingsworth,* 647 S.W.2d 937 (Tenn.1983): *State v. Grear,* 568 S.W.2d 285 (Tenn.1978). However, the right to review the decision of a trial court to grant or to deny probation does not permit the appellate court to substitute its judgment for that of the trial court where there is evidence to support the trial court's judgment. *State v. Grear,* 568 S.W.2d 285; *State v. Crane,* 647 S.W.2d 240 (Tenn.Cr.App.1982). As is pointed out in *State v. Grear, supra* at 286,

> ... [I]n order for the reviewing appellate court to be warranted in finding an abuse of discretion by the trial court in these cases it must demonstrate that the record contains no substantial evidence to support the conclusion of the trial court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute and decisions of this Court as appropriate for determining suitability for probation.
>
> Those criteria are "... the circumstances of the offense, criminal record, social history, and present condition of the defendant," T.C.A. § 40–2904; the physical and mental condition, where appropriate, of the defendant, *Stiller v. State, supra* [516 S.W.2d 617 (Tenn.1974)]; and the likelihood, or lack thereof, that probation will subserve the ends of justice and the best interests of both the public and the defendant, *Hooper v. State, supra* [201 Tenn. 156, 297 S.W.2d 78 (1956)]. The record should contain findings of fact of the trial judge respecting these criteria as well as his conclusions of law with respect thereto; otherwise, meaningful appellate review is not possible.

It is apparent from statements in the comprehensive memorandum written by the trial judge in denying the petition for suspension of the sentences, that the trial judge considered the criteria set forth in T.C.A. § 40–21–104 and in Grear. He noted that in September, 1961, when defendant was twenty-one years of age, he plead guilty to an indictment for burglary and, in a second case, to a charge of receiving stolen property. Defendant's sentences were suspended and defendant was placed on probation for a period of *five years.* Defendant obeyed the terms of that probation. The trial judge also noted factors favorable to the suspension of the sentences, such as, prospects for the rehabilitation of defendant, physical condition, remorse for his actions, and indicated that if he had the authority to do so, he would partially suspend the sentence and would permit appellant to serve his sentence in the county jail. He went on to find, however, that "a suspension of execution of the entire sentence would not serve the ends of justice and would not be in the best interest of the public and this defendant." The bases for his finding were the nature and circumstances of the offense and the deterrent effect of incarceration of defendant.

The trial judge described the case as "bizarre," and one where "the facts as presented ... almost defy one's imagination." We agree, and as noted by the trial court:

> [T]he circumstances of the offense involved violence to another; namely, the taking of a human life. The homicide was admitted by the defendant from the outset, and the only question was whether or not it was justifiable homicide. In short, the issue was whether or not the

defendant acted, in his own self-defense in taking the life of the victim.

The proof shows that indeed a conspiracy existed to take the life of Coleen Jackson. The proof further showed that defendant was not a part of this conspiracy. However, the proof does show that the defendant learned about the conspiracy on the night before the manslaughter was committed. Defendant made no attempts at that time to contact anybody concerning the conspiracy. The events [the following morning] surrounding the manslaughter are greatly disputed. Yet, it is clear that defendant, after taking the victim's life, gathered up numerous belongings of the deceased, fled from Dyer County and was apprehended by officers while traveling in Tipton County.

We would note that the defendant was the only witness to the shooting of Robert Bearden. The defendant's version of events, if it had been accepted in its entirety by the jury, would have exonerated defendant from any culpability in the shooting of Robert Bearden. However, defendant's version was disputed by physical facts and also by his fleeing the scene of the shooting, without notifying police authorities and taking with him $3,200.00 in cash belonging to the victim. Then too, there is evidence that defendant habitually carried a loaded handgun and was armed at the time of his arrest for killing Robert Bearden.

▇▇ The nature and circumstances of the offense ordinarily are not a sufficient basis for the denial of probation, where the offense is one for which the legislature has provided the possibility of a suspended sentence. *Mattino v. State,* 539 S.W.2d 824 (Tenn.Cr.App.1976). However, "exceptional circumstances must be shown in order to support probation in a case involving the death of another person at the hands of the petitioner." *Kilgore v. State,* 588 S.W.2d 567, 568 (Tenn.Cr.App.1979). In this case, the trial judge concluded that "the circumstances of the offense and the deterrent effect of incarceration dictate against the exceptional circumstances necessary for a full suspension of sentence." In our opinion, this is a logical conclusion from the evidence and a denial of a petition for a suspended sentence, under the circumstances of this case, is not an abuse of discretion.

The judgment of the Court of Criminal Appeals granting probation to Frank B. Smith, Jr. is reversed. The judgment of the trial court on the issue is affirmed. Costs are adjudged against Frank B. Smith, Jr.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.