STATE of Tennessee, Appellee,

v.

Russell A. BURRIS, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Dec. 4, 1996.

Permission to Appeal Denied by
Supreme Court July 7, 1997.

Robert T. Vaughn, John B. Blair, III, Nashville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Darian B. Taylor, Asst. Attorney General, Nashville, Randall Nichols, District Attorney General, Robert L. Jolley, Jr., Asst. District Attorney General, Knoxville, for Appellee.

## OPINION

PEAY, Judge.

The defendant pled guilty in 1995 to voluntary manslaughter for killing the victim in 1980. After a hearing he was sentenced to an indeterminate sentence of four to ten years, the first thirty days to be served in county jail, the next five months on work release, and the remaining nine years and six months on probation. As a condition of probation, the court below ordered the defendant to pay restitution of approximately ninety five thousand dollars ($95,000). In this appeal as of right, the defendant challenges the sentencing court's order of restitution. The State contends that the defendant was improperly sentenced to split confinement. Because we find the defendant's sentence to be illegal, we remand this matter for resentencing.

■ Since the crime was committed in 1980, neither the Criminal Sentencing Reform Act of 1982 nor the Criminal Sentencing Reform Act of 1989 is applicable. *See* T.C.A. § 40–35–112(a) (1982) and § 40–35–117(c) (1990). Therefore, the defendant must be sentenced pursuant to the relevant statutes in effect prior to enactment of the Sentencing Reform Act of 1982. At that time, voluntary manslaughter was punishable by "confinement in the penitentiary [for] not less than two (2) years nor more than ten (10) years." T.C.A. § 39–2410 (1975). Thus, the court below properly sentenced the defendant to an indeterminate term of four to ten years. However, the court below erred when it sentenced the defendant to serve his term in a form of split confinement.

We agree with the defendant that a form of split confinement was available under limited circumstances in 1980. *See* T.C.A. § 40–2903 (1980 Supp). That is, in cases where the defendant was sentenced "to confinement in the county jail or workhouse for the commission of a misdemeanor or a felony pursuant to § 40–3105," then "the trial judge [could] also provide in the pronouncement of judgment that the defendant shall serve some fixed period of time not less than thirty (30) days with the remainder of the sentence suspended." T.C.A. § 40–2903 (1980 Supp). Our Supreme Court found that this statute permitted the sentencing court "to anticipate suspension of sentence and fashion an order combining imprisonment for not less than thirty days to be followed by a suspension of the remainder of the sentence." *State v. Gaines*, 622 S.W.2d 819, 821 (Tenn.1981).

■ However, this provision does not help the defendant because he was not sentenced pursuant to § 40–3105. That statute provides, *inter alia*, that "In all cases where any person shall be convicted of a felony, and the jury trying the case shall be of the opinion that the offense merits *a punishment*

*of five (5) years or less*, the court, in its discretion, may order said person confined in the county workhouse for the term of such sentence[.]" T.C.A. § 40–3105 (1980 Supp.) (emphasis added). Here, the defendant was sentenced to a punishment of four to ten years: not five years or less. Thus, split confinement was not available to this defendant.[1] The sentencing court's choices were incarceration, T.C.A. § 40–2707 (1980 Supp.), or probation, "subject to such conditions as the trial judge may deem fit and proper."[2] T.C.A. § 40–2901 (1980 Supp.). Accordingly, we find the sentence to be illegal and so vacate the judgment below and remand this matter for resentencing in accordance with the applicable statutes and this opinion.[3]

■ As to the matter of restitution, we have found no Tennessee cases in the context of this statutory scheme in which restitution was ordered as a condition of probation in a manslaughter case. However, our Supreme Court held in *State v. Gaines* that a trial court could order, as a condition of probation, that the defendant "be incarcerated for such reasonable and lawful period or periods of time as the trial judge deems fit and proper." 622 S.W.2d at 821. In other words, incarceration has been held to satisfy the requirement that the conditions imposed in conjunction with probation "be reasonable and realistic and ... not ... so stringent as to be harsh, oppressive or palpably unjust." *Stiller v. State*, 516 S.W.2d 617, 620 (Tenn. 1974). We deem an order to pay restitution which is reasonably and realistically linked to the defendant's ability to pay to be no more harsh, oppressive or palpably unjust than an order to serve time in confinement. Therefore, we hold that, should the court below order probation for this defendant, it may also order an appropriate amount of restitution[4] to be paid as a condition thereof. Such an amount must be reasonably and realis-

---

1. Nor is there any provision in the applicable statutes for a sentence involving work release.

2. A term of confinement would be appropriate as such a condition. *See Gaines*.

3. An illegal sentence is subject to being set aside at any time, even if it has become final. *See*

*State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978).

4. The victim's wife's loss in this case would most accurately be determined by a calculation of the financial support she could have expected from the victim had the defendant not killed him, plus funeral expenses.

tically limited by the defendant's ability to pay.

The judgment against the defendant is vacated and this cause is remanded for resentencing.

HAYES and BARKER, JJ., concur.