# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1998 SESSION

FILED

September 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9709-CR-00417 |
| Appellee, | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. MARY BETH LEIBOWITZ, |
| RUSSELL A. BURRIS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Resentencing) |

FOR THE APPELLANT:              FOR THE APPELLEE:


**ROBERT T. VAUGHN**              **JOHN KNOX WALKUP**
-and-                          Attorney General & Reporter
**JERRED A. CRESSY**
176 Second Ave., North          **ELIZABETH B. MARNEY**
Suite 500                       Asst. Attorney General
Nashville, TN 37201             John Sevier Bldg.
                                425 Fifth Ave., North
                                Nashville, TN 37243-0493

                                **RANDALL E. NICHOLS**
                                District Attorney General

                                **ROBERT L. JOLLEY, JR.**
                                Asst. District Attomey General
                                City-County Bldg.
                                Knoxville, TN 37902


OPINION FILED:_____


**AFFIRMED IN PART, REVERSED AND MODIFIED IN PART**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

This is the second appeal in this case. The defendant contends that the trial court erred in sentencing him to a term of confinement rather than probation. The defendant also contends that the trial court erred in ordering him to pay restitution in conjunction with a sentence of confinement. We affirm the defendant's sentence of confinement, but reverse the trial court's restitution order.

In 1995, the defendant pled guilty to voluntary manslaughter committed in 1980. After a hearing, the trial court sentenced him to an indeterminate sentence of four to ten years, the first thirty days to be served in the county jail, the next five months on work release, and the remaining nine years and six months on probation. As a condition of probation, the trial court ordered the defendant to pay restitution of approximately ninety-five thousand dollars ($95,000) in monthly installments. In the defendant's first appeal, he challenged the trial court's order of restitution, arguing inter alia that the trial court lacked the authority to order restitution in a voluntary manslaughter case and that the trial court erred in determining the amount of restitution. The State challenged the defendant's split sentence. Applying the law in effect at the time the offense was committed, this Court determined that the defendant's split sentence was illegal and held that the trial court's choices in sentencing the defendant were either incarceration or probation, but not both. State v. Burris, 950 S.W.2d 42, 43 (Tenn. Crim. App. 1996). This Court also held that restitution may be ordered in a voluntary manslaughter case as a condition of probation so long as the amount is reasonably and realistically linked to the defendant's ability to pay. Id. Subject to these holdings, this Court remanded the case back to the trial court for resentencing. Id. at 44.

On remand, the trial court held another hearing, at which the defendant

2

testified.  By this time, the defendant had already completed the confinement term previously ordered as well as almost two years of probation.  The defendant had not, however, paid the amount of restitution the court ordered him to pay on a monthly basis, claiming that he did not have sufficient funds to pay the amount ordered.  On cross-examination, the defendant admitted he received more monthly income than he had reported to the court and that he had chosen to pay for other monthly expenses rather than paying his court-ordered restitution.  The trial court found that while the defendant may have been a good probationer, he lied to the court about the amount of his monthly income.  The trial court also noted concern that the defendant hid the victim's death for many years, did not come forward voluntarily, and had chosen to pay numerous other bills but not his court-ordered restitution.  Based on these findings, the trial court ordered the defendant to pay one hundred thousand dollars ($100,000) plus six thousand two hundred dollars ($6200) in funeral expenses to the victim's family as restitution.  The trial court also ordered the defendant to serve an indeterminate sentence of four to six years in custody, minus time already served.

## PROBATION

The defendant argues several reasons why the trial court erred in sentencing him to a term of confinement rather than probation.  Primarily, the defendant contends that there is a presumption for ordering probation and that the State failed to carry its burden of showing why he should not be sentenced to probation.  This argument is grounded in law inapplicable to this case.  As we stated on the first appeal of this case, neither the law of the Criminal Sentencing Reform Act of 1982 nor the Criminal Sentencing Reform Act of 1989 applies when sentencing the defendant in this case.  Burris, 950 S.W.2d at 43.  Rather, the applicable law in this case is the law that was in

effect when the defendant committed the crime in 1980. T.C.A. § 40-35-117(c). Under this law, the defendant carried the burden of showing exceptional circumstances that would entitle him to probation. See State v. Smith, 662 S.W.2d 588, 590 (Tenn. 1983); Kilgore v. State, 588 S.W.2d 567, 568 (Tenn. Crim. App. 1979). At the resentencing hearing, the trial court determined that the defendant failed to carry his burden. We agree. This argument is without merit.

The defendant also contends that because the sentence for voluntary manslaughter now carries a lesser penalty than under the 1980 sentencing statute, the trial court erred in failing to apply the lesser penalty. It is clear this argument lacks merit, considering we held in our prior opinion that the defendant must be sentenced under the law in effect at the time the crime was committed. Burris, 950 S.W.2d at 43. Nevertheless, we briefly address the defendant's argument.

The defendant relies upon State v. Pearson, 858 S.W.2d 879 (Tenn. 1993), but Pearson does not support his contentions. In Pearson, the Tennessee Supreme Court determined that when a trial court imposes a sentence after the effective date of the 1989 sentencing statute for a crime committed before that date, the trial court must calculate the appropriate sentence under both the 1982 sentencing statute and the 1989 sentencing statute and impose the lesser sentence of the two. Id. at 880. As stated above, neither the 1982 nor the 1989 sentencing statutes apply to this case, thus distinguishing this case from Pearson. Moreover, the holding of Pearson was premised upon ex post facto concerns, which the instant case fails to implicate. In attempting to rely upon Pearson, the defendant urges this Court to compare the first sentence imposed with the sentence imposed on remand, which is admittedly more harsh than the split sentence originally ordered. This, however, is not the proper analysis, as the laws in

4

effect at the time the crime was committed must be compared with the laws in effect at the time of sentencing. In this case, the penalty for voluntary manslaughter is now less than it was at the time the defendant committed the crime, and thus, ex post facto concerns are not implicated. Therefore, this argument too must fail.

The remainder of the defendant's arguments merits little discussion. The defendant contends that because the resentencing hearing was essentially a hearing to revoke his probation, the State had the burden of showing why probation should be revoked. This contention is without merit because this case was clearly remanded for a resentencing hearing, at which the trial court had to choose between alternative sentences of confinement or probation; it clearly was not remanded for a hearing to revoke the defendant's probation. The defendant also briefly contends that he was denied equal protection of the laws by receiving a harsher sentence on remand following a "successful appeal" from a conviction. This argument fails because the defendant never appealed his conviction, let alone successfully; rather, the only "successful appeal" in this case was by the State, which appealed the split sentence originally imposed. Thus, under the authority the defendant cites, the defendant's equal protection rights were not violated. See Whaley v. North Carolina, 379 F.2d 221 (4th Cir. 1967).

Finally, the defendant contends that if there is no presumption for probation, then the trial court erred in denying probation because it had noted exceptional circumstances at his first sentencing hearing and the only thing that had changed since then was that he had successfully completed almost two years of probation. The defendant's argument must fail because the record shows that the trial court based its decision to deny probation partially upon the fact that the defendant had chosen not to pay court-ordered restitution since the original sentencing hearing, even though he had

5

the means to pay. To this, the defendant contends that contrary to the trial court's findings, he did not lie about his income or hide it from the trial court. This contention lacks merit, however, because the trial court's findings are supported by a preponderance of evidence in the record. See State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981).

## RESTITUTION

The defendant does not challenge the amount of restitution imposed, nor does he argue that he cannot afford to pay the amount of restitution imposed. Rather, the defendant argues only that the trial court committed plain error by imposing restitution in conjunction with a sentence of confinement. We must agree.

No punishment may be imposed without statutory authority. See State v. Davis, 940 S.W.2d 558 (Tenn. 1997). As previously discussed, the applicable sentencing law in the instant case is the law in effect in 1980, when the offense was committed. T.C.A. § 40-35-117; Burris, 950 S.W.2d at 42. Thus, our inquiry is limited to whether any statute that was in effect in 1980 authorized the trial court to impose restitution as part of a sentence of confinement. See Davis, 940 S.W.2d at 561. Our review of the applicable statutes reveals that the only sentencing statute authorizing the imposition of restitution was T.C.A. § 40-20-116. Section 40-20-116, which remains in effect today, allows the imposition of restitution when the jury ascertains the value of the property lost or stolen in cases of theft or fraud. State v. Bryant, 775 S.W.2d 1 (Tenn. Crim. App. 1988). Because the instant case involves only a count of voluntary manslaughter, § 40-20-116 does not expressly apply to this case. See Davis, 940 S.W.2d at 562 n.7.

6

Our Supreme Court has recognized, "This Court cannot affirm a sentence that is not expressly authorized by the Legislature." Davis, 940 S.W.2d at 562. "Because there was no other authority under which courts may impose restitution as part of a custodial sentence, we must conclude . . . that the trial court did not have the authority to impose restitution in this case." Id. Accordingly, despite the fact that the defendant failed to object when the trial court orally imposed restitution at his resentencing hearing, we must reverse the trial court's restitution order. Id.

In sum, the trial court did not err in sentencing the defendant to a term of confinement. However, because the trial court lacked the statutory authority to order the defendant to pay restitution as part of a sentence of confinement, we reverse that portion of the defendant's sentence. In all other respects, the defendant's sentence is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
CORNELIA A. CLARK, Special Judge