HARRY WILSON

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

WALLACE TAYLOR, STREET, BANKS & MERRYMAN, Elizabethton, for plaintiff in error.

THOMAS E. Fox, Assistant Attorney General, for the state.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The question here is whether there is void an order entered in 1959 purporting to revoke an order of suspension entered in 1957 of valid judgments entered on October 11, 1955 adjudging certain fines and workhouse sentences in each of three misdemeanor cases upon Wilson. The plaintiff-in-error, Wilson, so contends upon this appeal in error. The State's contention to the contrary is that the 1959 order of revocation and execution of the sentences is void.

The order of August, 1957, purporting to "suspend" the 1955 sentences against the defendant, recited that the 1955 suspension order was in response to the application of Wilson and "suspended" these sentences "during his good behavior" upon his "representation that he will seek and obtain gainful employment of a reputable nature at the earliest possible nature, out of town that he will make arrangements for the payment of pending fines and costs against him, and for other good and sufficient reasons * * *."

The 1959 order of revocation, after reciting the fines and costs of in excess of $900 in the three cases and the suspension of the prison sentences, then states that these fines and costs have not been paid and directs that Wilson be taken into custody, and required to serve them.

A condition precedent to the power of the Trial Judge to suspend the enforcement of these sentences is (1) that the defendant making application therefor "shall first either secure or pay all of the costs accrued at the instance of the state in the case", section 40-2901, T.C.A.; and such suspension shall "be noted upon the minutes of his court in the same minute entry as that which pronounces the judgment in such case", section 40-2902, T.C.A.; or (2) if the defendant has served not less than thirty days of his jail or workhouse sentence the serving of remainder of such sentence may be suspended if the fine and costs have been paid or secured. Section 40-2903, T.C.A.

Since the authority given the Trial Judge by this statute, codified as stated, is in derogation of the common law, "it confers only such powers as are plainly within

its expressed terms or necessary implications.'' *Atchley v. State,* 176 Tenn. 514, 515, 144 S.W.2d 748.

No suspension was ordered by the Court at the time the 1955 sentences were pronounced. So, this case is concerned only with condition precedent No. 2, supra, to the effect that the defendant must have served not less than thirty days of his prison sentence and the fine and costs must have been paid or secured. It affirmatively appears that Wilson did not comply with these requirements. Hence, the Trial Judge was without authority to suspend the execution of these sentences.

The 1957 suspension order being void for failure to pay or secure the fines and costs in any of the respective cases, it is immaterial as to whether Wilson served thirty days imprisonment in either of the cases.

The three judgments so sentencing Wilson were each entered on October 11, 1955. An execution was returned by the sheriff on December 7, 1955 with the recitation that the defendant was ''out of the State''. He could not possibly, therefore, have served his sentence in both of the thirty day sentences or the ninety day sentence case. The 1959 order of revocation likewise recited that ''defendant left the State of Tennessee for a period of time''. The order is that he be taken into custody to serve the sentences and to serve out the fines and costs, if they are not previously paid or secured.

Section 40-2906, T.C.A. provides that in the event of a suspension under the statute in a misdemeanor case the Trial Judge shall have authority within twelve months to revoke such suspension for sufficient cause. Since the 1959 order of revocation was made more than twelve months after the 1957 order of suspension, it is insisted

in behalf of Wilson that the Court's authority to revoke the 1957 order was at an end. This contention leaves out of consideration the fact that section 40-2906, T.C.A., providing for revocation within twelve months after the order of suspension contemplates a valid order of suspension. The 1957 order with which we are dealing is void; hence, section 40-2906, T.C.A. has no application.

In *Spencer v. State*, 125 Tenn. 64, 66, 140 S.W. 597, 598, 38 L.R.A.,N.S., 680, the Trial Judge entered an order directing the suspension of the sentence of imprisonment "during this term of the court, unless otherwise ordered by the court". This order was adjudged void. At a subsequent term the Court ordered the issuance of a workhouse capias for the defendant "to carry out the sentence of the court". It was contended in behalf of Spencer that "the term of the court having ended at which the original judgment was entered, it was beyond the power of the trial judge at a succeeding term to make the last order". But this Court held that since the stay of execution was void, the Court had the authority to enter the order at a subsequent term. By analogy, this case is authority for the proposition that the 1959 order of revocation was valid, notwithstanding it was entered more than twelve months after the void order of suspension.

With reference to the ruling in the Spencer case, it is pertinent to note that the Court referred to the suspension as a "stay of execution". Of course it was, because judgment sentencing Spencer had been entered.

The suspension statute with which the opinion in the case at bar is dealing does, in its first section, authorize the Trial Judge "to suspend imprisonment". Section 40-2901, T.C.A. By Section 40-2902, if the suspension is made when the Court "pronounce(s) judgment", the sus-

pension shall be entered upon the face of that judgment. The same language occurs in section 40-2903 providing that the Court may "suspend the remainder (of the sentence)" under certain conditions after thirty days have been served. Actually, therefore, what section 40-2901 et seq. does is to authorize the Trial Judge to suspend, or stay, execution after the sentences have been pronounced. So, with reference to the twelve months limitation insistence, where the order of suspension is void, "the sentence of imprisonment is satisfied, not by the lapse of time but by the actual serving of sentence in prison". 141 A.L.R. 1230.

In *Thompson v. State, ex rel Burris,* 191 Tenn. 221, 227, 232 S.W.2d 42, 44, it was held that the suspension of the execution of sentence by the City Judge was void; that, therefore, it was proper "to have the prisoner re-arrested and taken into custody to the end that the prisoner might serve out his sentence". This opinion refers us to the annotation in 141 A.L.R. 1225, et seq. upon the subject of "Sentence—Suspension Without Authority". That annotation at 1229-1230, citing a number of cases in support, among them our *Spencer v. State,* supra, states this to be the law:

"The enforcement of the sentence which has been suspended without authority may take place at any time after the suspension thereof even after the expiration of the term at which the void order was entered."

This Court is of the opinion that not only our Spencer and Thompson cases, supra, but the great weight of authority, as well as reason, require a conclusion that the Trial Judge in the instant case did not exceed his au-

thority in his 1959 order in directing that Wilson be taken into custody to work out his fines and costs in the three cases, unless paid, and to serve the sentence pronounced. Of course, if any part of either of the three sentences has been served, the defendant will be given credit therefor.

Our suspension statute by its Section 40-2907, T.C.A. provides for notice to the defendant and a hearing before a revocation of a suspended sentence. Based thereon, the final insistence is that the order to issue the capias directing the incarceration of Wilson is of no effect, ''no notice having been given him''. Again, there is overlooked the fact that this provision has reference to a valid order of suspension.

While no Tennessee case on the exact question is found, the text of 141 A.L.R. 1228-1231, and again at 1235 (citing numerous decisions in support) is that in the event of a void order of suspension, it is not necessary for the defendant to be called upon to show cause why the order formally vacating, as a matter of form, such void order should not be made. At least some of the Courts place their holding upon the ground that the defendant is in the position of one who escaped from prison during the time that he is at liberty under the void order of suspension of the execution of the sentence. Some jurisdictions have held to the contrary. 141 A.L.R. 1230-1231. Whatever view this Court might take of this question, that view need not be stated in the case at bar. This is because the record affirmatively discloses it as a fact that, upon application of the defendant through his counsel, a full hearing was had upon the legality of the 1959 revoking order.

Judgment affirmed and the cause remanded for further proceedings necessary to enforce the Court's 1959 order.