STATE of Tennessee, Appellee,

v.

Bobby ARCHER, Appellant-Defendant.

Court of Criminal Appeals of Tennessee, Knoxville.

Dec. 17, 1979.

Permission to Appeal Denied by Supreme Court Feb. 19, 1980.

Charles B. Dungan, Jr., Maryville, for appellant-defendant.

William M. Leech, Jr., Atty. Gen. of Tenn., James A. DeLanis, Asst. Atty. Gen. of Tenn., Nashville, David G. Ballard, Dist. Atty. Gen., Steven R. Hawkins, Asst. Dist. Atty. Gen., Maryville, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Bobby Archer, was indicted on three separate charges of selling a drug proscribed by T.C.A. § 52–1432(a)(1)(B). After pleading guilty to these three charges, he was placed on probation. Subsequently, it was brought to the attention of the trial court that it had no authority to grant probation to a defendant who had been found guilty of two or more violations of T.C.A. § 52–1432(a)(1)(B). The court then ordered the defendant returned to custody.[1]

The defendant first contends that the trial court was without authority to revoke its earlier order granting probation. We disagree.

T.C.A. § 40–2901 specifically prohibits the granting of probation to a defendant who has been found guilty of a second or subsequent violation of T.C.A. § 52–1432(a)(1)(B).

■ Our cases hold that an order of a trial court that is in direct contravention of an express statutory provision is a void order, and it can be set aside at any time, even if it has become final. State v. Burkhart, 566 S.W.2d 871 (Tenn.1978); Wilson v. State, 207 Tenn. 305, 339 S.W.2d 20 (1960); State v. Clayton, 480 S.W.2d 922 (Tenn.Cr.App.1971).

In State v. Burkhart, supra, our Supreme Court held that a trial court's order providing for an escape sentence to be served concurrently with the original sentence was a nullity because such order was in direct contravention of the express provisions of T.C.A. § 39–3802 which provided that such an escape sentence had to be served consecutive to the original sentence.

In Wilson v. State, supra, the Supreme Court was dealing with a case very similar to the present one. There, the trial court had illegally suspended a defendant's sentence and subsequently ordered him into custody to serve his sentence. The Supreme Court, in affirming the trial court's decision, held that the authority given a trial judge by statute to suspend sentences is in derogation of the common law, and therefore confers only such powers as are plainly within its expressed terms or necessary implications.

■ In the present case, the defendant pled guilty to three violations of T.C.A. § 52–1432(a)(1)(B). Each violation was committed at different times and on separate occasions. These are separate convictions, hence the defendant stands convicted of three violations of T.C.A. § 52–1432(a)(1)(B) and, by virtue of the provisions of T.C.A. § 40–2901, is not eligible for probation consideration. Scott v. State, 560 S.W.2d 922 (Tenn.Cr.App.1977).

Thus, the trial court had no statutory authority to grant probation in the first instance, and its order purporting to grant it was void. The trial court was fully authorized to order the defendant returned to custody.

■ Next, the defendant argues that T.C.A. § 40–2901 is unconstitutionally vague as it applies to his violations of T.C.A. § 52–1432(a)(1)(B). We disagree. The statute says in clear and simple language that a defendant who has been con-

---

1. When the defendant was returned to custody, the trial court offered him the opportunity to withdraw his guilty pleas, but the defendant declined the offer.

victed of a second or subsequent violation of T.C.A. § 52–1432(a)(1)(A) or (B) is not eligible for probation. There is no vagueness in this provision.

■ Finally, the defendant claims that the order rescinding the earlier grant of probation was so unfair as to deny him due process of law. He quotes from *Van Zandt v. State*, 218 Tenn. 187, 198, 402 S.W.2d 130, 135 (1966) where the court said, "The true test, it seems to us, is whether 'fundamental fairness' and 'substantial justice' which, after all, are what is meant by 'due process of law,' under the Fourteenth Amendment, are absent or present."

In *Becton v. State*, 506 S.W.2d 137 (Tenn. 1974), the Supreme Court, after considering the *Van Zandt* definition of "due process of law," held that the provisions of T.C.A. § 40–2903—another probation statute which limits the authority of trial courts to suspend sentences—did not offend the concepts of "fundamental fairness" and "substantial justice."

In the present case, there is nothing fundamentally unfair or unjust in not allowing the defendant to seek advantage from a void order. The subsequent order returning him to custody merely places him in the position required by law.

The judgment of the trial court is affirmed.

WALKER, P. J., and CORNELIUS, J., concur.