**STATE of Tennessee, Appellee,**

v.

**Lynn GALLOWAY, Agnes Powers, and Jimmy Alford, Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 1, 1985.

Permission to Appeal Denied by the Supreme Court Aug. 12, 1985.

Charles S. Kelly, Dyersburg, Wayne Emmons, Memphis, for appellants.

W.J. Michael Cody, Atty. Gen. & Reporter, Ann Lacy Johns, Asst. Atty. Gen., Nashville, Clayburn Peeples, Dist. Atty. Gen., A.H. Schoonover, Asst. Dist. Atty. Gen., Trenton, for appellee.

## OPINION

DWYER, Judge.

Appellants appeal as of right from the trial court's judgment entered on May 29, 1984, after a jury trial. The jury found appellant Lynn Galloway guilty of third-degree burglary, T.C.A. § 39-3-404, petit larceny, T.C.A. § 39-3-1103, and arson, T.C.A. § 39-3-202; appellant Powers guilty of two counts of third-degree burglary, two counts of petit larceny, and two counts of arson; and appellant Alford guilty of two counts of third-degree burglary, two counts of petit larceny, and two counts of arson. The trial court sentenced appellants Galloway and Powers to three (3) years in the State penitentiary on each conviction, and appellant Alford was sentenced to serve five (5) years for each burglary conviction and arson conviction, and two (2) years for each petit larceny conviction. All sentences were ordered to be served concurrently. Appellants assert several issues.

■ First, we will review the evidence, as appellants challenge its sufficiency. After receiving a telephone call March 17, 1983, at about 11:00 p.m., Robert Taylor immediately went to his business, Taylor's Saw Shop, located in Gibson County, finding it engulfed in flames. He testified that between $2.00 and $3.00 in pennies were missing from the cash drawer kept in the shop. As he sat in his car, his headlights illuminated the driver of a car passing by the scene. He recognized appellant Alford as the driver and noticed a stove in the vehicle's trunk. He got the license number and followed the car. Although he felt that he and appellants had no real problems with one another, he recalled an incident when appellant Alford got mad at him because he (Taylor) would not let him (Alford) drink at the shop. He testified that he suspected Alford set fire to his shop for a number of reasons, including the fact that Alford and another individual had been seen leaving another person's trailer shortly before the trailer caught fire. He called the police.

State's witness Cecil Sherlock testified that his house was burned on March 17 or 18, 1983. He related that the house was heated by a wood-burning stove. In court he identified the stove, which police officers located outside appellant Power's beauty shop. Appellant Galloway told him that he (Galloway) had stayed in the car while Sherlock's house burned.

Appellant Powers admitted to the police that she had taken two handfuls of pennies from the cash drawer in Taylor's Saw Shop, which she put in her car. Eighty-one pennies were found by police in the front seat of her car. She also related that after leaving the saw shop, she went to a house where she obtained a stove. It was placed in her trunk and subsequently unloaded at her beauty shop. A police officer testified that he located Sherlock's stove outside appellant Power's Beauty Shop on March 18, 1983.

Appellant Alford told police that he had been at the Saw Shop the night it burned and helped carry the stove out of a house, putting it in appellant Power's car. He related that he was aware of the fires of the saw shop and Sherlock's house but did not know who set them.

An investigator for the State Fire Marshall's Office concluded that both fires were caused by arson. This conclusion was based upon the intense heat of the fires, indications that a flammable liquid had been used, the absence of shorts in the saw shop's fusebox, and the absence of electrical current going to the house. Appellants offered no proof.

After considering the evidence in the light most favorable to the State's theory, *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978), we conclude that any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R. A.P. 13(e). This issue is overruled.

Appellants contend that the trial judge erred by refusing to recuse himself. Prior to the jury selection, the court held a hearing on appellant's motion for recusal filed on the day of trial. At this hearing, Mr. Kelly, appellant Galloway's attorney, testified about a prior appearance day of the case on March 13, 1984. He was involved in a trial in federal court and sent an attorney in his behalf who apparently did not have the ability to try the case. The trial court expressed his animosity toward

the way Mr. Kelly handled the matter, but also explicitly denied any animosity against appellants. The court subsequently assessed jury costs against the attorney for the resetting of this case which will be discussed at the conclusion of this opinion.

The determination of whether to recuse oneself rests within the sound discretion of the trial judge. *State ex rel. Phillips v. Henderson*, 220 Tenn. 701, 423 S.W.2d 489 (1968). We find no abuse of discretion here. *Compare and contrast Leighton v. Henderson*, 220 Tenn. 91, 414 S.W. 419 (1967) (judge who expressed himself as to what he would do with case regardless of the proof erred by not recusing himself). This issue is overruled.

In the next issue, appellants contend that the trial court erred by failing to suppress testimony by State's witness Dwight Sherlock regarding a statement made to him by appellant Galloway. After Mr. Sherlock was asked what appellant Galloway had told him about the fire, appellants Powers' and Alford's attorney requested a jury-out hearing, which the trial court granted. In the jury-out hearing, witness Sherlock was asked whether appellant Galloway told him where he (Galloway) was when the house burned. Witness Sherlock related that appellant Galloway told him "he (Galloway) stayed in the car."

Counsel for appellants Powers and Alford objected to the admission of this testimony on the grounds that it violated *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and that counsel's discovery motion had been violated.[1] Appellant Galloway's counsel joined in that part of the objection based on the alleged discovery rule violation. The court overruled the objection and allowed the testimony into evidence.

Now, on appeal, appellant Galloway contends for the first time that the admission of witness Sherlock's testimony violated his right to counsel under the sixth amendment of the United States Constitution.

---

1. These issues are addressed on pages 368– 369, *infra*.

He argues that witness Sherlock was acting on behalf of the State when he talked to him. He argues that the resulting incriminating statements were deliberately elicited by the action of the State by subverting his right to counsel, and, therefore, were unlawfully admitted at trial. *See, e.g., State v. Webb,* 625 S.W.2d 281 (Tenn. Crim.App.1980). Appellants Alford and Powers stated in their brief that they adopt appellant Galloway's argument "to the extent that it inures to their benefit."

■ We fail to see how the alleged violation of appellant Galloway's right to counsel could have prejudiced appellants Alford and Powers in any way. They do not assert how they were harmed. In any case, we agree with the State's contention that this issue was waived. We cannot put the trial judge in error for his overruling an objection unless the ground for the objection is stated. *Dotson v. State,* 2 Tenn. Cr.App. 388, 454 S.W.2d 174, 176 (1970). This issue is overruled.

■ Appellants contend that the trial court erred in its manner of obtaining additional prospective jurors. After the supply of prospective jurors was exhausted, the trial court ordered Sheriff's Department officers to go and obtain some more. Without stating any grounds, appellants made an objection to this procedure, which the court overruled. Appellants, on appeal, assert for the first time that the procedure may have prejudiced the jurors in favor of the State because of the possibility of comments made to the jurors by the officers and by the possible intimidation from being "accosted on the street by an officer and herded into the courtroom."

■ The State points out that the possibility of prejudice caused by the procedure could have been, but was not, addressed during *voir dire.* Having failed to prevent or nullify the effect of what they now allege as prejudicial error, the appellants are denied relief. T.R.A.P. 36(a). Furthermore, we conclude that the trial court's procedure to obtain additional prospective jurors is authorized. Alternative proce-

dures to complete juries include one whereby the "judge may, if he thinks proper, direct the sheriff to summon a sufficient number to complete said juries." T.C.A. § 22–2–308(2). *See, e.g., State v. Fowler,* 213 Tenn. 239, 373 S.W.2d 460 (1963). This issue is overruled.

■ In the next issue appellants contend that the court erred by allowing State's witness, Dwight Sherlock, to testify. They argue that "the record is clear that defense counsel was not provided with the name of this witness"; thus, Rule 16, Tenn.R. Crim.P., was violated.

In open court, the attorneys discussed the situation. Apparently, the prosecutor left word with the secretary of Mr. Kelley, appellant Galloway's attorney at trial and now on appeal, that Mr. Sherlock would be called to testify. Apparently, Mr. Kelly represented all three appellants at the time and Mr. Emmons, appellants Powers' and Alford's attorney at trial and on appeal, was a law partner of Mr. Kelly's. The trial court overruled the objection and concluded sufficient notice that Mr. Sherlock would appear as a State's witness was given. We conclude the record sufficiently supports the trial court's finding. This issue is overruled.

In the next issue appellants ask the court to take judicial knowledge of the alleged fact that jurors in Gibson County are drawn from only nineteen (19) of twenty-five (25) civil districts composing the judicial district. They readily admit that there is no proof in the record concerning this allegation. They contend that the alleged procedure is improper and unconstitutional, depriving them of a trial by jury of their peers. They cited no authority.

■ We cannot consider this issue. Because appellants' briefs are inadequate on this issue, it is waived. Rule 10(b), Rules of Tennessee Court of Criminal Appeals. Furthermore, we cannot consider matters which do not appear in the record. *Dandridge v. State,* 552 S.W.2d 791, 792 (Tenn.Crim.App.1977); T.R.A.P. 13(c). This issue is overruled.

Appellants contend that the trial court erred by allowing statements made by the non-testifying co-defendants into evidence in violation of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Where one of several defendants jointly indicted has made admissions or confessions involving another defendant, the court may, in its discretion, order a separate trial or allow admission of the statements only if all references to the moving defendant is eliminated from the confession. *Stallard v. State,* 187 Tenn. 418, 215 S.W.2d 807 (1948). In the case *sub judice,* the State sought to sever the trials, but appellants resisted. The trial court ruled in favor of appellants. Appellants' argument on appeal that severance was necessary in this case is deemed waived. T.R.A.P. 36(a). The only option left for the trial judge was to carefully control the admission of the statement of each defendant so that no incrimination of the other co-defendants occurred. The State contends that this was achieved and that no *Bruton* violation occurred. *See Dorsey v. State,* 568 S.W.2d 639, 642 (Tenn. Crim.App.1978). We agree with the State but for one exception as follows:

Q. Did Mr. Alford make any statements to you about this stove?

A. Yes, sir.

Q. What did he say?

A. He told me he helped carry the stove out of the house and put it in the trunk of *Agnes Powers'* car. (emphasis added)

Because this reference to appellant Powers' car added nothing to the incriminating statement that appellant Powers made herself, we conclude that the reference was harmless error. T.R.A.P. 36(b). We note that the evidence against appellant Powers was overwhelming and conclude that the error did not affect the outcome of the trial. *See Dorsey v. State, supra* at 643. This issue is overruled.

Appellant Powers asserts that the trial court abused its discretion by refusing to suspend her sentence. The record reflects that after examining appellant's presentence report, which was offered by the State and contains scant information, and "after giving due consideration to the nature of these offenses," the trial court concluded appellant was not a proper candidate for probation. Appellant did not testify and offered no proof. Under these circumstances, it is clear that appellant did not carry her burden of proof to show her worthiness of probation. T.C.A. § 40-21-104(a)(1); *see State v. Gonzales,* 638 S.W.2d 841 (Tenn.Crim.App.1982).

Furthermore, we note that appellant was convicted of two counts of third-degree burglary, T.C.A. § 39-3-404. Having been "convicted of a second or subsequent violation" of this offense, appellant Powers was ineligible for probation. T.C.A. § 40-35-303(a). This issue is overruled.

In the last issue, it is contended that the trial court erred by adjudging the jury costs of March 13, 1984, against counsel for appellant Galloway. Because the trial court was forced to continue the case after counsel failed to appear, the trial court assessed the jury costs against the defense attorney. We note that no authority is cited in counsel's brief to support his argument, in violation of T.R.A.P. 27(a)(7). This being the case, this issue is treated as waived by this court. Rule 10(b), Rules of the Tennessee Court of Criminal Appeals.

All issues having been overruled, the judgment of the trial court is affirmed.

DUNCAN, J., and JAMES C. BEASLEY, Special Judge, concur.