**STATE of Tennessee, Appellee,**

v.

**Thurman Oscar ANTHONY, Appellant.**

**No. 86–250–III.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 17, 1987.

Karl F. Dean, Sr. Asst. Public Defender, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Katrin Novak, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

LLOYD TATUM, Special Judge.

The defendant, Thurman Oscar Anthony, has appealed from a judgment of the trial court refusing to probate three concurrent eight-year sentences imposed on guilty pleas to two counts of third-degree burglary and one count of burglary of an automobile. We affirm the judgment of the trial court.

In refusing to probate these sentences, the trial court stated that it would have been his decision to probate these sentences but that he did not have the statutory authority to do so.

On October 17, 1986, the defendant pled guilty to two counts of third-degree burglary (T.C.A. § 39–3–404) and one count of burglary of an automobile. T.C.A. § 40–

35–303(a) prevented the trial judge from probating sentences imposed on conviction of two counts of third-degree burglary. That code section provides:

"A defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is ten (10) years or less. Provided, however, a defendant shall not be eligible for probation under the provisions of this chapter if he is convicted of a violation of § 39–6–417(a)(1)(A) or (B), if he is convicted of a second or subsequent violation of §§ 39–3–401, 39–3–402, 39–3–403, or 39–3–404 or if he is convicted of an offense which is designated as a Class X felony regardless of the sentence actually imposed."

Consistent with the foregoing statute is T.C.A. § 40–21–101 which provides, in relevant part, as follows:

"Whenever any person has been found guilty of a crime upon a verdict or a plea of guilty, all trial judges in the state having criminal jurisdiction are authorized and empowered to suspend the execution of sentence and place the defendant or defendants on probation, subject to such conditions as the trial judge may deem fit and proper.... As used in this chapter, the word 'defendant' means any person convicted of a misdemeanor or convicted of any felony, the maximum sentence for which has been fixed by a jury or by a judge as confinement in the state penitentiary for a period of ten (10) years or less, except in cases in which the defendant has been convicted of murder in the first degree, murder in the second degree, rape, unlawful carnal knowledge of a female under the age of twelve (12) years, robbery accomplished by the use of a deadly weapon, a second or subsequent violation of §§ 39–3–401, 39–3–402, 39–3–403, or 39–3–404, violation of § 39–6–417(a)(A) or (B), and in all other cases for which the minimum sentence provided by law is ten (10) years or more; and except in those cases in which the defendant has been convicted of two (2) or more felonies for which the maximum sentence provided by law exceeds ten (10) years' confinement in the state penitentiary."

The trial court held that this court's interpretation of T.C.A. § 40–35–303(a) in *State v. Galloway*, 696 S.W.2d 364, 369 (Tenn.Crim.App.1985), prevented him from probating these sentences. The *Galloway* court stated:

"Furthermore, we note that appellant was convicted of two counts of third degree burglary, T.C.A. § 39–3–404. Having been 'convicted of a second or subsequent violation' of this offense, appellant Powers was ineligible for probation. T.C.A. § 40–35–303(a). This issue is overruled."

This court's holding in *Galloway* is supported by prior cases interpreting the prohibition against probation found in T.C.A. § 40–21–101 which, as indicated above, contains the same terminology as T.C.A. § 40–35–303(a). In *Scott v. State*, 560 S.W.2d 922 (Tenn.Crim.App.1977), this court held that multiple pleas of guilty on the same date do not constitute a single conviction. Thus, since the defendant's pleas of guilty to five charges of selling heroin related to separate offenses which were committed at different times and on separate occasions, the defendant was not eligible for probation pursuant to T.C.A. § 40–21–101.

Also, in *State v. Archer*, 594 S.W.2d 751 (Tenn.Crim.App.1979), the defendant entered pleas of guilty to three charges of violating T.C.A. § 52–1432(a)(1)(B) [presently codified as T.C.A. § 39–6–417(a)(1)(B) ]. In reliance upon *Scott v. State, supra,* this court held that the trial court was without authority to grant probation under T.C.A. § 40–21–101, stating:

"In the present case, the defendant pled guilty to three violations of T.C.A. § 52–1432(a)(1)(B) [Tenn.Code Ann. § 39–6–417(a)(1)(B) ]. Each violation was committed at different times and on separate occasions. These are separate convictions, hence the defendant stands convicted of three violations of T.C.A. § 52–1432(a)(1)(B) [Tenn.Code Ann. § 39–6–417(a)(1)(B) ] and, by virtue of the provisions of T.C.A. § 40–2901 [Tenn.Code

Ann. § 40–21–101], is not eligible for probation consideration."

*Id.,* 594 S.W.2d at 752. See also, *State v. McCammon,* 623 S.W.2d 133 (Tenn.Crim. App.1981).

In the instant case, the defendant pled guilty to burglarizing William Vice and Associates on June 8–9, 1985. The defendant also pled guilty to burglarizing Brown Engraving Company on June 21–22, 1985. The convictions of these burglaries constitute separate offenses, committed at different times and on separate occasions.

Since the two convictions for the violation of T.C.A. § 39–3–404 were separate and distinct offenses, we think that the trial judge was correct in holding that probation is prohibited by the above statute.

The judgment of the trial court is affirmed.

DAUGHTREY and SCOTT, JJ., concur.