STATE of Tennessee, Appellee,

v.

Carl Eugene WILKINS, Danny Louis Evans, and Robert Louis Hunter, Jr., Appellants.

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 6, 1988.

Permission to Appeal denied by Supreme Court May 2, 1988.

Joseph B. Brown, Jr., Memphis, for appellants Wilkins and Hunter.

James H. Bostick, Asst. Public Defender, Memphis, for appellant Evans.

W.J. Michael Cody, Atty. Gen. & Reporter, James W. Thompson, Asst. Atty. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

This is an appeal as of right by Carl Eugene Wilkins, Danny Louis Evans and Robert Louis Hunter, Jr. from their convic-

tion for robbery with a deadly weapon before the Shelby County Criminal Court. Appellant Wilkins was sentenced to the Department of Corrections for thirty-five years, Evans was sentenced to thirty years, and Hunter received thirty-three years. In effect, appellants present five issues for review, including a challenge to the sufficiency of the evidence. The following is a brief recitation of the pertinent facts.

About 8:30 p.m. on the evening of October 13, 1983, Church's Chicken at 1155 Bellevue in Memphis was robbed at gunpoint. Two employees, Doris Hampton and Angela Taylor, testified that appellant Wilkins entered the establishment and placed a take-out order. After being served, Wilkins pulled an automatic pistol, robbed the business of around $125.00 and fled. The manager called the police.

Wilkins fled on foot to a vehicle parked across the street. The door was opened for Wilkins, and he got into the back seat on the passenger side of the vehicle. As the appellants began to drive away, the police arrived. Officer Ronald Peterson observed the vehicle and put out a broadcast regarding the car.

In response to the broadcast, Officer Simms observed the car in a parking lot off Bellevue. The appellants attempted to leave upon spotting the patrol car, but stopped after Officer Simms so instructed them over his public address system. Within moments, several other officers arrived on the scene to lend assistance. A Church's chicken box, which appeared to have been thrown from the driver's window of the suspects' car, was observed by officers. Wilkins was seated in the back seat of the vehicle with Hunter and Evans in the front. An automatic pistol was found in the suspect vehicle's glovebox. Approximately $80.00 was retrieved from the appellants. The following day, both Ms. Hampton and Ms. Taylor identified the appellant Wilkins from a police line-up as the robber.

Appellants presented witnesses at trial who testified that they had gone to the grocery on the evening in question and had experienced car trouble. Appellants also attempted to discredit the testimony offered by the two employees by exploiting inconsistencies in their descriptions of the robber. Appellants implied that the employees of Church's recognized Wilkins only because they had been there to eat earlier in the evening. Appellants further implied that the witnesses had mistaken them for three other men.

On cross-examination, appellant Hunter admitted that Wilkins, who was sitting in the back seat at the time the suspects were stopped by police, threw a chicken box from Church's out of the car. Hunter further admitted that he hid his car keys in an effort to keep police from finding the pistol in the locked glove compartment.

ISSUE I. Whether the evidence is sufficient to support the jury's verdict of guilty of the offense of robbery with a deadly weapon.

Appellant's charge that the convicting evidence was insufficient and that the "verdict appears to be the product of caprice and whim." They claim there is no physical evidence other than perhaps a pistol which connects the appellants with the crime. Appellants further note inconsistencies in the witnesses' descriptions of the robber, the getaway vehicle and the gun used in perpetration of the crime.

On appeal, a guilty verdict approved by the trial judge, accredits the testimony of the witnesses for the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). A verdict against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal, *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973), which the defendant has the burden of overcoming. *State v. Brown,* 551 S.W.2d 329, 330 (Tenn.1977); *see State v. Tuggle,* 639 S.W.2d 913 (1982). Where the sufficiency of evidence is challenged, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn.1983); Rule 13(e), Tenn.R.App.P.

 In the case *sub judice*, two eyewitnesses positively identified appellant Wilkins at trial. The same two witnesses gave a positive identification of Wilkins from a police line-up the day following the robbery. Appellant Wilkins was observed getting into the back seat of a getaway vehicle. Moments later, the vehicle was stopped by police. Appellants Hunter and Evans were in the front seat of the vehicle; Wilkins was in the back.

A box from Church's Chicken, thrown by Wilkins from the suspects' vehicle after being stopped, was observed by police. An automatic pistol was found in the glovebox. Appellant Hunter admitted that he hid his car keys in an effort to prevent police from finding the pistol.

Clearly, on appeal questions of fact, as here, have been resolved by the jury. From the above, a jury could and did find the elements of the crime charged beyond a reasonable doubt. Summed up, Wilkins was the principal perpetrator in the robbery; Evans and Hunter were aiders and abetters. The issue, therefore, is overruled.

ISSUE II. Whether the trial court erred in allowing the identification testimony of two eyewitnesses.

 Appellants submit that the identifications of Wilkins by eyewitnesses Hampton and Taylor were not credible nor reliable. Appellants cite alleged inconsistencies in the witnesses' description of Wilkins, the weapon used to perpetrate the robbery and the getaway vehicle. They further claim irregularities in the line-up since the police camera in use apparently malfunctioned.

We find no merit to appellants' arguments. First, we are of the opinion that Evans and Hunter lack standing to challenge the line-up identification of Wilkins. In any event, the credibility of a witness at trial is a jury question which has been resolved adversely to the appellants. As to the line-up, the record does not reflect any suggestiveness in the line-up procedure in any way.

The issue is without merit.

ISSUE III. Whether the trial court erred in admitting into evidence, through the testimony of an investigating police officer, the statements of witnesses Hampton and Taylor.

Appellants complain that it was not until the principal investigating officer testified that the State introduced into evidence statements given by witnesses Hampton and Taylor.

We find that both appellants have waived this issue for failure to cite authority in support of this argument, Rule 27(a)(7), Tenn.R.App.P.; *State v. Galloway*, 696 S.W.2d 364 (Tenn.Crim.App.1985) and provide the Court with an adequate record upon which it may rule. Rule 36(a), Tenn. R.App.P. In any event, we find no merit to appellant's argument.

ISSUE IV. Whether the cumulative effect of alleged errors denied appellants a fair trial.

 Appellants argue, rather generally and ambiguously, that "the demeanor and conduct of the trial court exhibited towards defense counsel", a "repeated series of incorrect rulings" and "the attitude displayed toward the defense" resulted in an unfair trial.

We find nothing in the record to support appellant's vague, conclusory statements that appellants were denied a fair trial as a result of cumulative error. Furthermore, we agree with the State's argument that appellants have waived this issue for failure to cite proper authority. Rule 27(a)(7); *State v. Galloway*, 696 S.W.2d 364 (Tenn. Crim.App.1985). Evans cites no authority whatsoever; Hunter and Wilkins only rely upon the "ordinary rules of evidence and a reading of *Wigmore's On Evidence*." They fail to specify the particular rule, section or page number in the treatise upon which they rely. Finally, we note that the issue, predicated upon a cumulative effect of alleged errors, was not specifically stated in appellants' motion for new trial.

ISSUE V. Whether the trial court erred in refusing to dismiss the indictments against the appellants on the basis of double jeopardy.

The record reveals that the trial judge declared a mistrial in the original proceeding after his court reporter witnessed an incident on an elevator during lunch recess in which jurors were contaminated by their exposure to remarks by an opinionated courtroom observer. Appellants Wilkins and Hunter contend that double jeopardy bars appellants' retrial absent a showing of manifest necessity.

In *United States v. Dinitz,* 424 U.S. 600, 607, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976), the United States Supreme Court reiterated:

> [T]his Court has held that the question whether under the Double Jeopardy Clause there can be a new trial after a mistrial has been declared *without the defendant's request or consent* depends on whether "there is a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated." (emphasis added).

In the case *sub judice,* a careful review of the record reveals that these appellants, through counsel, conceded what happened and did not oppose the mistrial, but acquiesced in it. Thus, where defendants, as here, consent to the mistrial, a showing of manifest necessity is not required. The issue is overruled.

As all issues presented for appellate review have been found to be without merit, the judgment of the trial court is affirmed.

SCOTT, J., and LLOYD TATUM, Special Judge, concur.