IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1996 SESSION

**FILED**

**June 30, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| RICKY TRICE, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9511-CR-00370 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable J. Randall Wyatt, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:                                   For the Appellee:

Monte D. Watkins                                   Charles W. Burson
176 2nd Avenue North                           Attorney General of Tennessee
Nashville, TN 37201                                        and
                                                                Cyril V. Fraser
                                                                Counsel for the State
                                                                450 James Robertson Parkway
                                                                Nashville, TN 37243-0493

                                                                Victor S. Johnson, III
                                                                District Attorney General
                                                                        and
                                                                Nicholas Bailey
                                                                Assistant District Attorney General
                                                                Washington Square
                                                                Suite 500
                                                                222 2nd Avenue North
                                                                Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

_____The petitioner, Ricky Trice, appeals as of right from the Davidson County Criminal Court's denying him post-conviction relief. The petitioner is presently serving concurrent twenty-five year sentences in the Department of Correction for his two 1990 convictions for aggravated rape of his preschool-age daughter. He contends that he received the ineffective assistance of appellate counsel and that plain error occurred through the state's proving, without objection, collateral bad acts. We affirm the trial court.

The petitioner's claims relate to questioning and evidence in his trial about which his trial attorney did not object and to his appellate attorney's failure to present authority on appeal to support the claim that his trial attorney was ineffective for not objecting. The particulars are in this court's opinion in the defendant's direct appeal of his convictions:

> In the next issue the appellant contends that the prosecutor was guilty of misconduct which denied him a fair trial and due process of law. Specifically he complains that the Assistant District Attorney General used leading questions in examining the victim and that he probed into irrelevant areas such as the appellant's acts of violence toward his former wife, his adulterous affairs and his failure to pay his child support in a timely manner.
>
> There was no objection to any of this testimony. Under the contemporaneous objection rule, when there is no objection, errors of this type are waived. State v. Sutton, 562 S.W.2d 820, 825 (Tenn. 1978). This issue was waived.
>
> _____Finally, the appellant contends that he was denied effective assistance of counsel because his counsel did not object to the leading questions or to the irrelevant and prejudicial questions asked by the prosecutor. He also contends that his counsel erred by failing to specifically ask him whether he raped the victim.
>
> The appellant has not cited a single case or any other authority to support his contention that it is ineffectiveness to fail to object to questions of these sorts or to specifically ask a defendant if he is guilty of the crime. Bald assertions unaccompanied by citations to authority amount to a waiver of

2

> the issues asserted. Rule 27(a)(7), Tenn. R. App. P., <u>State v.</u>
> <u>Galloway</u>, 696 S.W.2d 364, 369 (Tenn. Crim. App. 1985). This
> issue was waived.

<u>State v. Ricky Trice</u>, No. 01-C-01-9105-CR-00143, Davidson County (Tenn. Crim. App. Mar. 19, 1992), <u>app</u>. <u>denied</u> (Tenn. July 29, 1992).

Relevant to the issues on appeal, the petitioner testified at the post-conviction hearing that the prosecutor had mentioned such things at the trial as him holding a knife to his ex-wife's throat and kicking her with cowboy boots. However, he acknowledged that the state's position at trial related to his violent acts being seen by the victim, the inference being that the victim did not immediately disclose his sexual assaults because of fear. In any event, he was upset with his issues being waived on appeal.

The appellate attorney testified that he could not find any cases directly on point about the trial attorney's total failure to object constituting the ineffective assistance of counsel or about the prosecutor's actions constituting misconduct. He testified that he found a federal case while the petitioner's case was pending review by the Tennessee Supreme Court, but it indicated that a total failure to object did not rise to the level of ineffective assistance. Also, he acknowledged that shortly after the petitioner's case ended, he learned of <u>State v. John Wesley Hobbs</u>, No. 02-C-01-9104-CR-00056, Shelby County (Tenn. Crim. App. Nov. 27, 1991), which he claimed "condemned a lot of the tactics" similar to the ones used by the prosecutor in the petitioner's case. The attorney testified that he did not believe that the rules governing appeals in the court of criminal appeals called for waiver just because no authority was cited.

The trial court found that the petitioner's appellate attorney was diligent in his research. Relative to this court's decision in <u>Hobbs</u>, the trial court noted that it was

3

decided before the appellate argument in the petitioner's case, but it concluded that the attorney's failure to discover it did not render his representation ineffective. As for the issue of prosecutorial misconduct and the failure of the trial attorney to object, the trial court found that the issue did not constitute plain error and that the claim of the trial attorney's ineffectiveness was previously determined in the direct appeal.

To obtain relief, the petitioner had to show that his appellate attorney's performance was deficient and that the deficient performance prejudiced him in the context of him receiving an unfair result in the prosecution. See Rhoden v. State, 816 S.W.2d 56 (Tenn. Crim. App. 1991). Strickland v. Washington, 466 U.S. 668, 686-87, 104 S. Ct. 2052, 2064 (1984); Evitts v. Lucey, 469 U.S. 387, 105 S. Ct. 830 (1985). In reviewing the issue, the findings of fact of the trial court are conclusive on appeal unless the evidence preponderates against them. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

As for the appellate attorney's conduct in the direct appeal, the record supports the trial court's conclusion that it was not ineffective assistance of counsel for the attorney not to discover the Hobbs decision earlier. However, we are concerned about the appellate attorney's apparent lack of understanding of the appellate rules and apparent limitation on the use of his research to cases "directly on point." The fact that citing no authorities in an appellate brief constitutes a waiver of the issue, as noted in this court's opinion in the petitioner's direct appeal, is no new revelation. And limiting appellate inquiry to cases directly on point would leave the vast majority of appellate briefs without any authority to cite. In this vein, beside diligent research, analogy is any competent counsel's stock-in-trade tool for legal arguments.

However, appellate counsel's deficiencies avail the petitioner nothing in this case. He presents no authority or argument in his brief that justifies us concluding

4

that the questions and evidence presented at his trial constitute reversible error. As to his substantive issues, the petitioner only states that his appellate attorney "could have shown a reasonable possibility that the allegations of violence contributed to the conviction," citing Hobbs. Moreover, he cites neither to the record nor to authority that would show that the prosecutor's conduct constituted plain error.

In Hobbs, this court reversed a murder conviction because the state introduced hearsay divorce records that alleged violence and misconduct by the defendant against the victim. In the present case, the petitioner provides us no specification of the evidence about which he complains, divulges no context of the evidence that would focus consideration upon the relative probative value and danger of unfair prejudice of that evidence, and presents almost no argument as to why the evidence constitutes trial error, much less plain error. On the other hand, the prosecutor's stated reason for using evidence of the petitioner's violent acts against his wife is, on its face, a valid one. Under these circumstances and our independent review of the trial record contained in the petitioner's direct appeal of his convictions, we find nothing that would have us conclude that the appellate attorney's deficiencies in his brief constituted prejudice to the petitioner's cause.

Finally, we agree with the state's argument in this appeal that the claim of plain error in the convicting trial may not constitute a separate ground for relief in this post-conviction proceeding. It has no evident independent constitutional basis and the petitioner has not divulged one. To the extent it infers the ineffective assistance of trial counsel, it involves an issue previously determined in the direct appeal.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David H. Welles, Judge