**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

JULY 1998 SESSION



**FILED**

**August 20, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9710-CC-00417 |
| | ) | |
| vs. | ) | Henry County |
| | ) | |
| **JESSE LEONARD JOHNSON, III,** | ) | Honorable Julian P. Guinn |
| | ) | |
| Appellant. | ) | (Possession of Marijuana and |
| | ) | Cocaine with Intent to |
| | ) | Manufacture, Sell or Deliver) |
| | ) | |
| | ) | |

FOR THE APPELLANT:

MICHAEL L. AINLEY
Ainley & Hoover
123 N. Poplar Street, Suite A
Paris, TN 38242

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DOUGLAS D. HIMES
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

ROBERT "GUS" RADFORD
District Attorney General
24th Judicial District
P.O. Box 686
Huntington, TN 38344

OPINION FILED: _____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

**OPINION**

The defendant, Jesse Leonard Johnson, III, appeals from the sentencing determination of the Henry County Circuit Court. In that court, a jury convicted the defendant of three counts of possession of controlled substances with intent to manufacture, sell or deliver. One count involved possession of marijuana, a Class E felony, and two counts involved possession of cocaine, Class B felonies. After a sentencing hearing, the trial court sentenced the defendant as a Range I offender. The trial court imposed the minimum sentences of one year on the marijuana charge and eight years on each of the cocaine charges with all sentences to run concurrently. The trial court ordered split confinement. It required the defendant to be incarcerated for one year with the balance of the effective eight-year sentence to be served on probation. The defendant received credit for his pre-trial incarceration which, at the time of the sentencing hearing, was an unspecified period of time in excess of 210 days. The trial court also imposed the fines recommended by the jury: $3,000 on the marijuana count, $50,000 on one cocaine count, and $10,000 on the other cocaine count, for a total of $63,000 in fines.[1]

In this appeal, the appellant challenges the sentences as being too harsh and the sentences and fines as being disproportionate to the plea-bargained sentences imposed upon a co-defendant. After review of the case, we affirm the trial court's judgment.

We are able to glean very few facts from the record. The record contains no transcript of the trial proceedings. Although the record includes a transcript of the sentencing hearing,[2] the presentence report contains very little

_____

[1]The maximum fine for the marijuana charge is $5,000, Tenn. Code Ann. § 39-17-417(c)(1) (1997), and the maximum fine for the cocaine charge is $100,000, Tenn. Code Ann. § 39-17-417(g)(1) (1997).

[2]We note that on this appeal the presentence report appears in the technical record prepared by the trial court clerk. As such, it is not authenticated by the trial judge, nor does the report appear as an authenticated exhibit to the sentencing hearing transcript. We have previously urged trial courts to authenticate the report, as in the manner of an exhibit, and to append or exhibit the report to the transcript of the sentencing hearing. See State v. Jerry Blaylock, No. 02C01-9602-CC-00069, slip op. at 15, n.2 (Tenn. Crim. App., Jackson, Aug. 21, 1997), perm.

information about the nature and circumstances of the offense, and no one testified about these issues at the sentencing hearing. From facts available, we discern that the defendant was seventeen years of age on the date the offenses were committed. His case was transferred to Circuit Court in order for him to be tried as an adult, and he was eighteen years of age at the time of sentencing. The police discovered the contraband inside a bag which was found on the front seat of a vehicle in which the defendant and the adult co-defendant were riding. The co-defendant pleaded guilty, was fined a total of $6,000, and apparently was released immediately on probation upon receiving credit for time served. A stipulation filed with the trial court reflects that the co-defendant claimed the contraband as his own. Nevertheless, a jury tried the defendant and convicted him of the three counts of possession of illegal drugs.

The defendant's issues must fail on the basis of waiver. First, the defendant has waived the issues raised in this appeal because no transcript or statement of the evidence presented at trial was included in the record. This deletion is significant in view of the trial court's declaration at the sentencing hearing that he found the defendant, who apparently continued to maintain his innocence,

_____

app. denied (Tenn. 1998). We recognize that the presentence report is mandated by statute, see Tenn. Code Ann. §§ 40-35-203(b), -205(a) (1997), that the preparer of the report is an officer duly appointed by the commissioner of correction, see Tenn. Code Ann. § 40-35-204(a) (1997), and that the report "shall be filed with the clerk of the court." Tenn. Code Ann. § 40-35-209 (1997). These safeguards for the reliable preparation and filing of the report facilitate the receipt and use of the report by the trial court, as well as by the prosecution and the defense. However, the availability and use of the report at the sentencing hearing in the trial court does not always address the issue of the organization of the sentencing record for the appellate review. In Jerry Blaylock, we made an analogy to the preservation of evidentiary exhibits, which must be authenticated by the trial court and included with the transcript of the evidence in order to be "in evidence." Jerry Blaylock, slip op. at 15, n. 2 (citing State v. Cooper, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987)). While the mechanism for filing the presentence report as set forth in Code section 40-35-209 arguably distinguishes the practice in handling these reports from the handling of traditional evidentiary exhibits, the better practice from the standpoint of preserving an appellate record is for the sentencing trial judge to authenticate, or at least identify, the report he or she is using, along with any approved amendments. Such a practice helps to assure this court in conducting its de novo review of the sentencing proceeding that it is reviewing the same document that was before the trial court and that the document was in the same form, state of completion or amendment, and supplemented by the same exhibits and/or appendices.

3

untruthful in light of the "overwhelming" evidence at trial that the defendant had the necessary intent to possess the contraband. The appealing party has an obligation to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the bases of the appeal. Tenn. R. App. P. 24(a); State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992). "Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue." State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). We point out that the Sentencing Reform Act requires the trial court, in sentencing a defendant, to consider among other factors, "[t]he evidence, if any, received at the trial and the sentencing hearing," Tenn. Code Ann. § 40-35-210(b)(1) (1997), and this court's de novo review on the record requires us, as well, to consider these factors. The defendant's failure to present a transcript or statement of the trial evidence frustrates and in this case precludes our mandated de novo review. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Second, the defendant's issue concerning the disproportionality of the fines imposed by the trial court is also waived because the defendant in his brief cites no authority in support of his position. Tenn. R. App. P. 27(a)(7); Tenn. R. Ct. Crim. App. 10(b); State v. Galloway, 696 S.W.2d 364, 369 (Tenn. Crim. App. 1985). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. R. Ct. Crim. App. 10(b).

In light of these findings of waiver, we are not constrained to consider further issues presented in the defendant's appeal. However, we cannot resist commenting that the defendant's complaint about the harshness and unfairness of his sentences is not sustainable. He received the minimum sentences on all counts, the sentences run concurrently, and the defendant was accorded alternative

4

sentencing in the form of split confinement. The fact that his time served in incarceration may exceed the incarceration time experienced by his co-defendant is, in and of itself, irrelevant to a court's consideration of the <u>defendant's</u> sentencing. <u>See</u> <u>State v. Larry Harris</u>, No. 278, slip op. at 3-4 (Tenn. Crim. App., Knoxville, May 24, 1988) (Harris' sentence of 45 years supported by sentencing considerations applied to him, regardless of twelve-year sentence imposed upon guilty-pleading accomplice).

The judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
ROBERT W. WEDEMEYER, SPECIAL JUDGE

5