IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER SESSIONS, 1999

FILED

December 1, 1999

Cecil CROWS ON, Jr.
Appellate Court Clerk

STATE OF TENNESSEE  )
        )
  APPELLEE   )
        )
VS.        )  C.C.A. NO. 03C01-9908-CR-00293
        )  CAMPBELL CO. CRIMINAL NO. 9653
MACARTHUR COFFEY  )  HON. E. SHAYNE SEXTON, JUDGE
        )
  APPELLANT  )

FOR THE APPELLANT:     FOR THE APPELLEE:

JULIE A. RICE        PAUL G. SUMMERS
P.O. Box 426        Attorney General & Reporter
Knoxville, Tennessee 37901

             CLINTON J. MORGAN
CHARLES HERMAN      425 Fifth Avenue North
P.O. Box 337        Nashville, Tennessee 37243
Jacksboro, Tennessee 37757

             MIKE RIPLEY
             Assistant District Attorney
             P.O. Box 326
             Jacksboro, Tennessee 37757

OPINION FILED:_____

AFFIRMED:
JOE H. WALKER, Sp. JUDGE

# OPINION

Appellant appeals the judgment of the trial court with regard to the manner of
service of sentence.

Appellant entered a plea of guilty to three counts of burglary of a vehicle, and one

count of theft of over $1,000.00, with agreed sentences of two years as a Range I offender for each of the three auto-burglary charges, and four years as a Range I offender for the D felony of theft, with the further agreement that the sentences would run concurrently. The trial court determined the manner of service of his sentences.

The trial court ordered incarceration, and appellant appeals, assigning as error whether the trial court erred by failing to sentence appellant to an alternate sentence of split confinement.

A review of the record reveals that the defendant was granted bond pending appeal to this court. That while on bond he was arrested and charged on May 26, 1999, with a felony offense of burglary, and misdemeanor theft. On July 15, 1999, appellant was again arrested and charged with the offenses of domestic violence, resisting arrest, and evading arrest. The trial court revoked bond pending appeal.

The defendant entered a plea of guilty to the charges in this case on June 19, 1998. He was arrested June 29, 1998, and charged with two counts of assault. He was arrested June 30, 1998, and charged with cultivating marijuana on his premises, and domestic violence by assault.

At the sentencing hearing the court heard testimony from a deputy sheriff about the charges on which appellant was accused after the entry of the plea. The court also heard testimony from the officer that prepared the presentence report, and the report was submitted by agreement.

The report reveals that appellant has other misdemeanor convictions in 1995, 1993, and 1990. It showed that appellant was unemployed, currently used alcohol, and used marijuana within four months.

The burden of establishing suitability for probation rests with the person seeking probation. T.C.A. 40-35-303(b). The testimony heard by the trial court did not show any reason for appellant to receive probation. Appellant did not offer any proof. The trial court made its decision on the proof presented by the state and the pre-sentence report. In State v. Galloway, 696 S.W.2d 364 (Tenn.Crim.App. 1985), the court found that inasmuch as the defendant had failed to testify or offer any proof, he failed to carry his burden of proving his worthiness for probation. See, State v. Bell, 832 S.W.2d 583 (Tenn.Crim.App. 1991).

When considering the issue of probation, the trial court as well as this Court considers the nature and circumstances of the offense or offenses, the defendant's criminal record, the defendant's social history, the defendant's present mental and physical

condition, the deterrent effect upon other criminal activity, and the likelihood that probation will serve both the public and the defendant's best interests. State v. Biggs, 769 S.W.2d 506 (Tenn.Crim.App. 1988); T.C.A. 40-35-303.

The trial court stated that appellant was not suitable for probation, finding that the previous history of appellant indicated that he could not abide by the terms of probation. The conduct of appellant since the guilty plea was entered further indicated his inability to abide by probation. The trial court further found that he was not suitable for community corrections, and determined his sentence should be served with the Department of Corrections.

This court finds that the record on appeal is sufficient to determine that the trial court did not err in sentencing the defendant to prison rather than probation or community corrections. A felon's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether he is suited for alternate sentencing. T.C.A. 40-35-103(5). The conduct of appellant both before entry of his guilty plea and after entry of his guilty plea demonstrated poor potential for rehabilitation, which is sufficient reason to justify a term of incarceration rather than probation or alternative sentencing. State v. Zeolia, 928 S.W.2d 457 (Tenn.Crim.App. 1996).

This court can not say that the trial court abused it's discretion in denying appellant probation, or alternate sentencing.

The judgment of the trial court is affirmed.

_____
JOE H. WALKER, Sp. JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
ALAN E. GLENN, JUDGE

## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER SESSIONS, 1999

STATE OF TENNESSEE     )
                       )
     APPELLEE        )
                       )
VS.                 )      C.C.A. NO. 03C01-9908-CR-00293
                       )      CAMPBELL CO. CRIMINAL NO. 9653
MACARTHUR COFFEY     )      HON. E. SHAYNE SEXTON, JUDGE
                       )
     APPELLANT     )

## JUDGMENT

Came the appellant, Macarthur Coffey by counsel, and the state, by the Attorney General, and this case was heard on the record on appeal from the Criminal Court of Campbell County; and upon consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Campbell County for execution of the judgment of that court and for collection of costs accrued below.

It appears that appellant is indigent.  Costs of appeal will be paid by the State of Tennessee.

PER CURIAM

DAVID G. HAYES, JUDGE
ALAN E. GLENN, JUDGE
JOE H. WALKER, III, Sp. JUDGE